JOSHUA C. ALEXANDER et al. Appellants, *v.* JAMES TAMS et al. Appellees.

### APPEAL FROM CASS.

If an execution has been returned "unsatisfied in whole or in part," it is a sufficient return to authorize the filing of a bill in chancery, to discover and subject property to the payment of a judgment.

Creditors cannot subject land to the payment of debts which the debtor held under a contract of purchase, where he had failed to comply with his contract, and had rescinded it, even though he had paid part of the purchase-money under the contract; in such a case a resulting trust does not arise in favor of the debtor.

A trust can only arise in favor of a party who pays the whole or some definite part of the purchase-money, at the time the purchase is made. After the title has once passed without fraud, it is impossible to raise a resulting trust, so as to divest the legal estate, by the subsequent application of the funds of a third person, in satisfaction of the unpaid purchase-money.

Under the prayer for general relief, creditors may be entitled to the money paid by their debtor as part consideration for land, upon a contract which has been rescinded, unless the effects (in case the debtor is deceased,) should be distributed for the benefit of all creditors under the statute of wills.

THIS cause was heard at September, 1851, of the Cass Circuit Court, by MINSHALL, Judge.

The complainants, by their bill, charge that they had obtained various judgments against Thomas Wilbourn, in the Cass Circuit Court, and that they had been returned unsatisfied; charge that Wilbourn died on the —— day of April, 1846, intestate and insolvent, and that J. W. Overhall was appointed

19*

his administrator, and that the assets of said estate will not pay more than twenty-five per cent. on the claims, and that said Wilbourn died leaving a son named John, an only child, and a widow, Clarissa H. Wilbourn, since intermarried with Sylvester H. Bulkley. The bill charges further, that said Wilbourn, at the time of his death, was the equitable owner of the west half of the south-west quarter of section twenty-one, fifty acres off the east side of the south-east quarter of section twenty, twenty acres off the north end of the west half of the north-east quarter of section twenty-one, all in township eighteen north, range 11 west of the 3d principal meridian. That on and previous to the 12th of September, 1844, said Wilbourn was pecuniarily embarrassed, and very desirous to purchase the above land, and fearing, if done in his own name, it would be subject to the above judgments, procured one Joshua C. Alexander to purchase in his own name but really for the benefit of said Wilbourn, the above-described land on the 12th day of September, 1844, who executed his notes for the purchase-money, which notes were paid with the money of said Wilbourn, and that a title-bond for said land was given to said Alexander, and that said bond existed at the time of his death, and that after his death, said Alexander, combining with his widow, now Clarissa H. Bulkley, to defraud your orators and others, the creditors of said Wilbourn, destroyed the paper showing the true state of the case in relation to said bond, and the said Alexander, in furtherance of said design, claimed said land and still claims. The bill charges that Wilbourn, from the time of the purchase, 12th September, 1844, to the time of his death, exercised acts of ownership over said land by improving and renting and otherwise. The oath of Joshua C. Alexander and S. H. Bulkley and C. H. Bulkley to each of their answers is waived by complainants. The bill prays, that on final hearing, said premises as above conveyed by Samuel G. Bailey, as administrator of Samuel Pitcomb to J. C. Alexander, be decreed to be sold and the proceeds applied to the liquidation of the aforesaid judgments, and the debts of such other creditors as may become parties to this bill, and the residue, if any, paid over to said administrator, to be distributed in due course of administration, and concludes with prayer for general relief.

Answer of Alexander admits judgments as alleged in the bill against said Wilbourn ; admits death of Wilbourn ; leaving widow and son as charged, and widow intermarried with Sylvester H. Bulkley; but denies that Wilbourn was the equitable owner of the land as described in said bill ; admits Wilbourn's pecuniary embarrassments, and admits the purchase of said premises on 12th of September, 1844, at public sale, and executed his own notes with security for the purchase-money, and took the deed to himself; and on the 29th day of March, 1845, executed to said Wilbourn a bond for a deed to the said land ; bond contains a fair expression of the agreement in relation to the premises, without fraud, and is made part of the answer ; and by virtue of said bond, Wilbourn took possession of said land, and continued to use it as his own till November, 1845, when, on account of his inability to pay the purchase-money or any part of it, said bond by mutual consent was cancelled, and given back to said Alexander, but said Wilbourn continued to act as the agent of said Alexander, and actually rented said farm for the year 1846. Answer denies that Wilbourn ever paid one cent of his own money towards the purchase of said land, but sent some money to Jacksonville to make the first payment, by H. T. Foster; but said money was borrowed of respondent, and the last note was sued on, and judgment obtained and money paid on said execution to the sheriff of Cass county. Answer admits, that whoever paid for said land would be the true owner, but that it would be manifestly unjust to take this land from respondent who has paid for it, and give it to Wilbourn's creditors, merely because this defendant and said Wilbourn had made a fair contract about it, which was cancelled, because he could not meet the payment. Denies all fraud or combination to embarrass creditors in the collection of the just claims against Wilbourn.

The Circuit Court entered a decree, directing that the land should be sold to satisfy said judgment creditors. The heirs of Alexander brought the cause to this court, and assigned errors.

S. T. Logan and S. W. Robbins, for appellants.

Alexander et al. *v.* Tams et al.

R. S. BLACKWELL, for appellees.

TRUMBULL, J. This was a bill filed by certain judgment creditors of Thomas Wilbourn, deceased, to subject real estate, the legal title *to which* was in Alexander, to the payment of their judgments, upon the ground that Wilbourn was the equitable owner of said real estate. Executions had been returned unsatisfied against Wilbourn in his lifetime, and his estate is insolvent. The Circuit Court decreed the property subject to the judgments, and to reverse that decree this writ of error is prosecuted by the heirs of Alexander, who has deceased since the proceedings in the Circuit Court.

An objection has been made to the right to file the bill, upon the ground that there had been no return of *nulla bona* upon the executions issued by the complainants. The bill alleges that the executions were returned " wholly unsatisfied." If this return was not to be regarded as equivalent to the more technical one of *nulla bona ;* still the statute, in express terms, authorizes the plaintiff in execution, when his execution against the property of the defendant has been returned " unsatisfied in whole or in part," to file a bill in chancery to discover and subject any property of the defendant to the payment of such judgment. Rev. Stat. ch. 21, § 36, 37.

After a careful examination of the evidence, we think it establishes the following facts : That, under a parol agreement between Alexander and Wilbourn, previously entered into, Alexander purchased the premises in question in his own name, but for the benefit of Wilbourn, at an administrator's sale, for the sum of $847.50, for which amount he executed his notes with security payable in six and twelve months, and took a deed to himself; that some six months afterwards, Alexander executed to Wilbourn a bond for a deed, conditioned to convey the premises to Wilbourn, upon his paying and delivering to Alexander the notes which the latter had given for the purchase of the land ; that Wilbourn did subsequently pay $700 upon said notes, but failed to pay the balance, and Alexander was forced to pay the same ; and that shortly before the death of Wilbourn, say about the middle of March, 1846, the contract of sale

between Alexander and Wilbourn was cancelled by mutual consent, and the bond for a deed surrendered up by Wilbourn.

Upon this state of facts, it is obvious that the complainants cannot subject the lands to the payment of their debts. They cannot reach any greater interest than Wilbourn had in the premises, though their position as judgment creditors may entitle them to subject property to the payment of their debts, which he or his administrator would be estopped from claiming.

The complainants cannot claim to subject the land to the payment of their debts, under the contract of purchase made by Wilbourn, for the twofold reason, that he never complied with the contract, by paying and delivering to Alexander the notes the latter had given for the land, and that the contract was rescinded by mutual consent.

There is no pretence for setting up a resulting trust in favor of Wilbourn, on account of his having paid part of the contract price for the land, for two reasons : First, the fact of a subsequent sale, as evidenced by the bond, rebuts such an idea ; and secondly, a trust can only arise in favor of a party who pays the whole or some definite part of the purchase-money at the time the purchase is made. After the legal title has once passed without fraud to the grantee by the deed, it is impossible to raise a resulting trust, so as to divest that legal estate, by the subsequent application of the funds of a third person in. satisfaction of the unpaid purchase-money. The resulting trust must arise, if at all, at the time of the execution of the conveyance. Rogers *v.* Murray, 3 Paige, 398; Penny *v.* McHenry, ante.

In the present case, Wilbourn was not a party to the original transaction, but Alexander made the purchase in his own name, and gave his notes, with security, for the purchase-money. In such a case, a declaration by parol, at the time that the purchase is made for another, does not constitute such a trust as can be enforced by the party for whom the purchase is alleged to have been made. Kisler *v.* Kisler, 2 Watts, 323.

Although the complainants cannot obtain the specific relief they seek, yet, under the prayer for general relief, they are entitled to the money paid by Wilbourn as part of the consideration.

for the land, with interest from the time the contract was rescinded, and Alexander became entitled to the possession; unless the exclusive appropriation of this money upon the claims of the complainants, interferes with the just distribution of the effects of Wilbourn among all his creditors, according to the provisions of the statute of wills. Pinnock *v.* Clough, 16 Verm. 500; Graves *v.* Dugan, 6 Dana, 331.

If the administrator of Wilbourn can recover the money paid by Wilbourn towards the land, in an action at law, then the complainants cannot appropriate the same exclusively to the payment of their debts. This court decided, in the case of Choteau *v.* Jones, 11 Illinois, 301, that an administrator cannot, even for the benefit of creditors, impeach a fraudulent conveyance made by his intestate; also that the administrator is bound by the intestate's acts, and is clothed with no greater power than the intestate possessed.

The record shows that Wilbourn repeatedly declared that he had paid nothing on the land, but that all was paid by Alexander. These declarations would have prevented him from recovering back the money he advanced, and they are equally binding on his administrator. Consequently, unless the creditors of Wilbourn can reach this fund, the heirs of Alexander must be suffered to retain it in fraud of their rights. This they cannot be permitted to do.

The decree of the Circuit Court will therefore be reversed, and the case remanded, to afford the complainants an opportunity to amend their bill by making the administrator of Alexander a party; and when he is brought in, the Circuit Court will enter a decree in favor of the complainants, for seven hundred dollars, the amount advanced by Wilbourn towards the land, with interest thereon from the 15th of March, 1846, to be paid by the administrator of Alexander, in the due course of administration, and to be applied *pro ratâ* in satisfaction of the claims of complainants.

Decree reversed, and cause remanded, at the costs of the defendants in error.

*Decree reversed.*