# JULIA T. COLE

### *v.*

# CHRISTIAN S. MARPLE *et al.*

*Filed at Ottawa November 20, 1880—Rehearing denied March Term, 1881.*

1. FRAUDULENT CONVEYANCE—*transfer of policy of life insurance by insolvent debtor to his wife—effect of sec. 54, ch. 73, Rev. Stat. 1874, entitled " Insurance."* Where an insolvent debtor holds an insurance policy upon his own life, he may assign the same to his wife, who may hold the proceeds of the policy exempt from the claims of creditors of her husband, except as to the amount of premiums paid by the husband within five years, the period of limitation, and interest thereon. Such a transaction is within the spirit of section 54, ch. 73, Rev. Stat. 1874, entitled "Insurance," which provides that a married woman may, by herself and in her own name, or in the name of any third person, with his assent, as her trustee, cause to be insured, for her sole use, the life of her husband, etc. That statute is remedial in its character, and should be liberally construed in furtherance of the purpose of its enactment.

2. HUSBAND AND WIFE—*of the mode of transfer, as between them, of goods and chattels, and of choses in action—construction of the statute.* Section 9, ch. 68, Rev. Stat. 1874, entitled " Husband and Wife," providing that where husband and wife shall be living together, no transfer or conveyance of goods and chattels between such husband and wife shall be valid as against third persons, unless such transfer or conveyance be in writing, and be acknowledged and recorded, is not to be so construed as to require an assignment of a chose in action between husband and wife to be acknowledged and recorded. So, the assignment by the husband to his wife of a policy of insurance upon the life of the former, is not in that regard embraced in the statute.

3. CREDITOR'S BILL—*preference as the reward of diligence.* Where a creditor files a bill to subject property or a fund in the hands of a third person, to the payment of his debt, he thereby acquires a lien upon such property or fund, and upon recovery will be entitled to a preference in the satisfaction of his claim to the exclusion of other creditors.

4. And where the bill is filed after the death of the debtor the same rule of preference applies.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for the plaintiff in error:

The section of the insurance law in question is simply an exemption law, and such laws are always liberally construed for the purpose of effecting the object intended. Constitution of 1870, art. 4, § 32; *Good* v. *Fogg*, 61 Ill. 451; *Deere* v. *Chapman*, 25 id. 610; *Mills* v. *Grant*, 36 Vt. 271; *Campbell* v. *Adair*, 45 Miss. 181; *Franklin* v. *Coffee*, 18 Texas, 416; Thompson on Homestead and Exemption, §§ 4-7.

Our position is this: that by the assignment of the policy to the wife, and by the acceptance of the notice of such assignment, and the consent of the company thereto, a new contract was created, in equity, if not in law, between the society and the wife; that the wife had an insurable interest in the life of her husband, and it was a valid assignment by the husband to the wife. *Dale* v. *Lincoln*, 62 Ill. 22; *Hunt* v. *Johnson*, 44 N. Y. 27; *Sheppard* v. *Sheppard*, 7 Johns. Ch. 57; 2 Story Eq. Jur. § 1374; Rev. Stat. 1874, title, "Husband and Wife," §§ 6-9.

And being valid, the husband could not revoke it, and upon notice to the company it became a valid and binding contract between the insurance company and the wife, enforceable in equity. *City Fire Ins. Co.* v. *Marks*, 45 Ill. 482; *Illinois Mut. Fire* v. *Fox*, 53 id. 158; *McCord* v. *Noyes*, 3 Bradf. 139; *Burroughs* v. *State Mut. Life Assur. Co.* 97 Mass. 359; *Kingsley* v. *New England Mut. Fire*, 8 Cush. 400; *Charter Oak Life* v. *Brant*, 47 Mo. 419; *Thompson* v. *Am. Tontine Life Ins. Co.* 46 N. Y. 674.

A subsequent ratification has the same operation in law as a previous authority; and the delivery of the policy in question, and the assignment thereof by Cole to his wife, and the acceptance by her, is a ratification, and has the same operation in law as if she had previously authorized him to procure the policy for her sole use. Broom's Legal Maxims 867; *Cook* v. *Tullis*, 18 Wall. 338; *McCord* v. *Noyes*, 3 Bradf. 139.

Under the statute, the creditors of the husband who is insolvent at the time of the transfer of the policy to his wife, are entitled to recover " an amount equal to the premium so paid, with interest," subject, however, to the Statute of Limitations.

In the case at bar no priority at law was obtained, and the allowance of a claim against the executor or estate in the probate court gives no priority, but all such claims, under the statute, are equal in point of merit. *Thompson* v. *Brown*, 4 Johns. Ch. 619 ; *McDermott* v. *Strong*, id. 691 ; *Day* v. *Washburn*, 24 How. 354 ; *Birley* v. *Haley*, 5 Gill & J. 433, 451, 452; *Robinson* v. *Stewart*, 10 N. Y. 189 ; *Barton* v. *Bryant*, 2 Ind. 189 ; *McNaughton* v. *Lamb*, id. 642 ; *Buller* v. *Jaffray*, 12 id. 504; *Beebe* v. *Saulter*, 87 Ill. 523 ; Bispham Prin. Eq. secs. 530–534; 3 Williams on Exrs. 1681; Freeman on Executions, sec. 434; Story's Eq. Jur. secs. 546, 549.

That part of the order of the circuit court was correct which referred this case to the master to take proof as to all claims which were to be paid out of the fund. *Davidson* v. *Miller*, 3 Gilm. 578; *Thompson* v. *Brown*, 4 Johns. Ch. 619; *Derrick* v. *Lamar Ins. Co.* 74 Ill. 404.

Messrs. Higgins, Furber & Cothran, for the Insurance Company, defendant in error :

The assignment was binding upon deceased under the statute, construed by the most rigid and narrow construction, and as it was binding upon him, it is also binding upon his personal representatives, his heirs and devisees. *Choteau* v. *Jones*, 11 Ill. 319 ; *McCord* v. *Noyes*, 3 Bradf. 139 ; *Hanason* v. *McConkey*, 1 Md. Ch. Dec. 34 ; *Dorsey* v. *Smithson*, 6 H. & J. 61 ; *Osborn* v. *Moss*, 7 Johns. 161; 1 Williams on Exrs. 784, note p.

A creditor can only make a demand by filing his bill, and until such bill is filed, the debtor has the right to pay the assignee and to deal with him as the real owner.

The proviso of the statute of 1874, sec. 9, relating to husband and wife, limiting the right to transfer goods and chattels as between each other, does not apply to the sale of bills of exchange, promissory notes or mere *choses in action.*

Mr. GEORGE BURRY, for the defendant Marple:

1. Against creditors, a voluntary conveyance by an insolvent is void. *Choteau* v. *Jones,* 11 Ill. 318; *Bay* v. *Cook,* 31 id. 336; *Moritz* v. *Hoffman,* 35 id. 553.

2. As to what property can be reached by a creditor's bill and what conveyances are fraudulent, counsel cited *Hayward* v. *Hoffman,* 4 Johns. Ch. 450; *Hadden* v. *Spader,* 20 id. 454; *Edmeston* v. *Lyde,* 1 Paige, 637; *Tarbell* v. *Griggs,* 3 id. 208; *Bennett* v. *McGuire,* 58 Barb. 625; *Gage* v. *Smith,* 79 Ill. 223; 2 Kent's Com. 442; Rev. Stat. 1874, chap. 22, sec. 49.

A policy of insurance, even before the death of the insured, is property, within the meaning of the statutes on frauds and on creditor's bill. *Dalby* v. *India, etc., Assurance Co.* 15 C. B. 365; *St. John* v. *American Mutual Co.* 13 N. Y. 31; *Huston* v. *Merrifield,* 51 Ind. 24; *Continental Insurance Co.* v. *Palmer,* 42 Conn. 60; *Palmer* v. *Merrill,* 6 Cush. 286; *Anthracite Ins. Co.* v. *Sears,* 109 Mass. 383; *Stokoe* v. *Cowan,* 29 Beav. 637; *Stooke* v. *Stooke,* 35 id. 398; *Petty* v. *Wilson,* L. R., 4 Ch. 574; May on Fraud. Convey. 24, 51; *Davis* v. *Worden,* 13 Gray, 305; *Moody* v. *Gay,* 15 id. 457; *Crompton* v. *Anthony,* 13 Allen, 33; *Barry* v. *Abbott,* 100 Mass. 396; *Briggs* v. *McCullough,* 36 Cal. 542.

The assignment of the policy of insurance was fraudulent and void as against creditors, and will be set aside by a court of equity. *Stokoe* v. *Cowan,* 29 Beav. 637; *Elliott's Appeal,* 50 Pa. St. 75; *Stokes* v. *Coffey,* 8 Bush, 534; *Skarf* v. *Soulby,* 1 Mac. & G. 364; *Keese River Co.* v. *Atwell,* L. R., 7 Eq. 347; *Briggs* v. *McCullough,* 36 Cal. 542; *Jamison* v. *King,* 50 id. 132; *Holt* v. *Everett,* 2 Ch. D. 266.

3. The assignment of the policy by Cole to his wife was not valid as against the rights and interests of creditors, be-

cause not in compliance with the statute. Rev. Stat. 1874, chap. 68, sec. 9.

4. A fraudulent grantee of a life insurance policy is liable to creditors for all the moneys received on the policy, and not merely for the premiums. *Stokoe* v. *Cowan,* 29 Beav. 637; *Elliott's Appeal,* 50 Pa. St. 75; *Stokes* v. *Coffey,* 8 Bush, 534, and cases cited above; Bump on F. C. 593.

5. Marple is entitled to have his claim paid first out of the moneys recovered. *Rappleye* v. *International Bank,* 93 Ill. 396; *Lyon* v. *Robbins,* 46 id. 276; *Smith* v. *Lind,* 29 id. 30; *Weed* v. *Pierce,* 9 Cow. 728; *Edmeston* v. *Lyde,* 1 Paige, 637; *Corning* v. *White,* 2 id. 567; *Albany Bank* v. *Schermerhorn,* Clarke, 278; *McCalmont* v. *Lawrence,* 1 Blatch. 232.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a creditor's bill, brought by Christian S. Marple against Julia T. Cole, widow of Jerah D. Cole, deceased, the Equitable Life Assurance Society, and George A. Seaverns, executor of the estate of J. D. Cole, deceased, to reach the proceeds of a $10,000 life insurance policy, which was issued to Cole on his life by the Equitable Society, and by him assigned to Julia T. Cole, his wife, a short time before his death. The policy was issued July 17, 1868, payable in twenty years, or, in case of prior death, sixty days after notice; the premiums were to be paid in twenty annual installments of $501.10. Cole paid the premiums as they became due, and died August 31, 1876. Before his death, and on the 30th day of August, he assigned the policy to his wife, and immediately gave notice of the assignment to the society, and the society consented to the assignment.

The estate of Cole is insolvent, and this bill was brought by a creditor, who had probated his claim against the estate. The court, on the hearing, found that the assignment of the policy from Cole to his wife was fraudulent as against complainant and the other creditors of Cole, and rendered a decree that Julia T. Cole pay into court the full amount re-

ceived on the policy from the Equitable Society, to-wit: $10,633.22, with interest at 6 per cent from the 26th day of November, 1868, the time when she received the money.

The proposition is not controverted, that a voluntary conveyance of property by a person who is insolvent is voidable, and may be set aside by creditors. But while this may be regarded as a general rule, which may be invoked by a creditor when his debtor has attempted to transfer his property beyond the reach of legal process, yet the question presented by this record is, whether the assignment of the policy made by Cole to his wife is to be regarded as falling within that general rule, or is it a transaction which is authorized by the statute.

Section 54, chapter 73, Revised Statutes 1874, page 607, which was enacted in 1869, declares: "It shall be lawful for any married woman, by herself and in her own name, or in the name of any third person, with his assent as her trustee, to cause to be insured, for her sole use, the life of her husband for any definite period, or for the term of his natural life, and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance, shall be payable to her, to and for her own use, free from the claims of the representatives of the husband, or of any of his creditors: *Provided, however*, that if the premium of such policy is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall inure to the benefit of said creditors, subject, however to the Statute of Limitations. The amount of the insurance may be made payable, in case of the death of the wife before the period at which it becomes due, to his, her or their children, for their use, as shall be provided in the policy of insurance, and their guardian, if under age."

Here is a statute which empowers a wife, in her own name, or in the name of a third party, to obtain a policy of insurance on the life of her husband, and, in case of his death,

the amount of the insurance shall go to the wife free from the claims of the husband's creditors. There is but one saving provision in the statute in favor of creditors, and that is where a person pays the premium on the policy with the intent to defraud his creditors, an amount equal to the premium so paid, and not barred by the Statute of Limitations, may be recovered. The defendant in the bill, in her answer, alleges that she caused the life of Jerah D. Cole to be insured in the Equitable Society, and that the insurance was for her sole use. She denies the right of complainant to any portion of the money paid her by the insurance society, and sets up the Statute of Limitations as a bar to the recovery of an amount equal to the premium paid by her husband on the policy prior to July 17, 1874. The question here, is, not whether defendant falls within the letter of the statute, but it is whether she substantially complied with the act and falls within its spirit.

Equity, as a general rule, disregards the form, but looks to the substance of a transaction. The constitution of 1870 declares, that " the General Assembly shall pass liberal homestead and exemption laws." Prior, however, to the adoption of the constitution, in *Deere* v. *Chapman*, 25 Ill. 610, it was held that the Homestead act was a remedial act, and should receive a liberal construction. It was there said: "Though this act may be said to be in derogation of the common law, and an innovation upon all former relations between creditors and debtors, giving to the latter new rights and immunities, yet it does not follow that it should not receive a construction so liberal as to advance the object contemplated by the legislature in passing the act." In *Good* v. *Fogg*, 61 Ill. 451, where the acts of 1843 and 1861, exempting certain personal property from levy and sale, came before the court for construction, it was held that a person entitled to the benefit of the exemptions may hold under both statutes a house worth not exceeding $160; that the acts are not to receive a strict construction, and that, according to their

spirit, a person thus situated may in his claim unite both laws. Now, while the act which allows the wife to hold a policy of insurance on the life of her husband, and protects her in the proceeds of the policy as against the creditors of her husband, is not strictly an exemption law, yet it is of that nature, and should be construed with the same liberality.

But we are not without authority on this question. In *Charter Oak Life Ins. Co.* v. *Brent,* 47 Mo. 419, where a statute similar to our own was under consideration, it is said: "The statute was founded on charity, and intended to subserve a beneficent object, and in a case falling within it, I should be disposed to give it the most favorable construction to carry out its humane principle."

Do the facts presented by this record establish a case within the spirit of the statute? Cole held a policy payable to him, his executors, administrators and assigns. He assigned the policy to defendant, his wife. On the same day the insurance company was notified of the assignment. It accepted the notice and consented to the assignment. In *The City Fire Ins. Co.* v. *Mark,* 45 Ill. 482, where a policy had been taken out in the name of Morris, on a stock of goods, who subsequently sold the goods to Myers, and, with the consent of the company, assigned to him the policy, it was held, in substance, though not in form, a new insurance was granted to Myers.

In *Burroughs* v. *State Mut. Life Assur. Co.* 97 Mass. 359, where a policy was payable to the insured and his assigns, and duly assigned with the consent of the company, it was held that the assignment transferred the legal title to the assignee with right to sue in his own name.

Whether under the assignment, in this case, a suit might have been maintained in the name of Mrs. Cole, is a question which does not properly arise, and it will not be necessary to determine it. But, when the assignment was made with the consent of the company, as was held in the *Meeks case,* in substance and effect a new insurance was granted to Mrs.

Cole, After the assignment was made, and assented to by the company, it could not be repudiated by Cole or the company, but under the assignment the policy was held by Mrs. Cole for her sole use and benefit ; and, although the transaction may not have assumed the literal form required by the statute, yet, the substantial requirements of the statute were followed, and, under a statute of this character, that is all that can be required.    At the time the assignment was made, had Mrs. Cole taken out a new policy on her husband's life, in her name, or that of a trustee, it is not denied that she would have been able to hold the proceeds regardless of creditors of the husband.    What is the difference in principle between taking out a new policy and having one already in existence assigned with the consent of the company?    We perceive no substantial difference, and, hence, we must hold that Mrs. Cole, under the statute, had a clear right, with the consent of the company, to accept an assignment of the policy.

But, under the statute, Cole being insolvent, all premiums paid by him on the policy within five years next before this action was brought, with interest thereon from the date of payment, could be recovered by the creditors. The action was commenced in October, 1878.   The premiums paid in July, 1873, and all paid before that time, would be barred by the statute, but the complainant was entitled to recover the premium of $501.60 paid July 17, 1874, and $501.60 paid July 17, 1875, and $501.60 paid July 17, 1876, with 6 per cent interest on each of said amounts from the date of payment.

The position that the assignment of the policy can not be sustained, because it was not acknowledged and recorded, as the transfer of goods and chattels is required to be under sec. 9, chap. 68, Rev. Stat. 1874, page 577, we do not regard as tenable.   While the words goods and chattels might be held ordinarily to mean all personal property of every description, yet, a moment's reflection must satisfy

any one that it was never intended that a *chose in action* should be embraced within its provisions. Where a husband and wife are residing together, there is manifest wisdom in requiring a transfer of goods and chattels, from one to the other, to be in writing and acknowledged and recorded, so that all may know to whom the property belongs, and one may be prevented from setting up a secret transfer of the property, should it be seized by execution as the property of the other. But the law could never have been intended to apply to a *chose in action*. It would be absurd in the extreme to require a husband and wife, on the assignment of a promissory note, to go before a justice of the peace and have the assignment acknowledged and then have it recorded. The statute was never framed for such a ridiculous purpose.

One cross-error remains to be considered. Is complainant entitled to have his claim paid first out of the money received? If Cole was living and the complainant had filed a bill and discovered property, there would be no question in regard to his right to be first paid out of any money recovered, as a reward for his diligence. *Lyons* v. *Robbins*, 46 Ill. 276; *Rappleye* v. *International Bank*, 93 id. 396.

Where property has been fraudulently conveyed by a person who afterwards dies, such property is not assets in the hands of the administrator for general distribution among all the creditors. The administrator can not file a bill and reach such property, but a creditor can; and when he obtains a lien by filing a bill, and, in the end, recovers the property, he is justly entitled to be rewarded for his superior diligence, and receive the payment of his debt before other creditors can come in. We do not regard this, however, a new question in this court.

In *Ballantine* v. *Beall*, 3 Scam. 204, where a creditor had filed a bill to reach property which was held by one in trust for an estate, the complainant having a claim against the estate, it was held that the complainant, by the institution of his suit, secured a lien upon the land for the satisfaction of

his debt, and if the adminstrator was entitled to any portion of the proceeds, it would only be the residue after paying complainant's debt.  See also *Alexander* v. *Tams,* 13 Ill. 221, and *United States Bank* v. *Burk,* 4 Blackf. 141.

The judgment of the Appellate Court will be reversed, and the cause remanded for further proceedings consistent with this opinion.                              *Judgment reversed.*

Mr. JUSTICE SHELDON, dissenting: The policy was Cole's own property, and he assigned it, without consideration, to his wife while he was *in extremis* and only about twelve hours before he died.  The assignment of it was a gift of the property to his wife, and void as against creditors.  I do not regard the statute as applying to the case.