## GEORGE WAGNER

### v.

## MARY KOCH ET AL.

45  501
73  207
45  501
179s 385

*Life Insurance—Bill filed by Creditors of Deceased to Recover Pre-
miums Paid on Insurance Policy—Construction of Statute—Intent to
Defraud Creditors.*

1. Upon a bill filed under Par. 3, Sec. 19, Chap. 73, R. S., to recover pre-
miums paid for insurance by a debtor, in his lifetime, on the ground that
they were paid " with intent to defraud his creditors," this court holds
that the same rule of construction applied as in the case of voluntary
conveyances in respect to creditors, where the creditors sought to have
the conveyance set aside.

2. In the case at bar the bill is fatally defective in that it failed to
show that any of the premiums were paid while complainant's claim
against the insured was in existence.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Rock Island County;
the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOSEPH L. HAAS, for appellant.

Messrs. JACKSON & HURST, for appellees.

MR. JUSTICE LACEY. This was a bill in equity framed
under Paragraph 111, Sec. 19, Chap. 73, R. S., to recover
premiums paid for insurance by Melchoir Koch, deceased, in
his lifetime, for the benefit of his wife and children. The
bill alleges that deceased in his lifetime, and at the time of
his decease, was indebted to complainant in the sum of $131;
that he was also indebted to certain other persons, and that
he departed this life on or about April 20, 1891, leaving him
surviving Mary Koch, his widow, and Lillie, Fred and George
Koch, his minor children; that Mary Koch was appointed by
the County Court guardian of said minors; that the estate
of Melchoir Koch, deceased, was insolvent, and that com-
plainant could not be paid in due course of administration;

and that a judgment and execution would be unavailing; that said deceased in his lifetime procured policies of insurance from the insurance companies, orders and associations, and for the amount following, viz.: The Covenant Mutual Benefit Association for $2,000; the Head Camp of the Modern Woodmen of America, for $2,000; the Grand Lodge of Illinois, Ancient Order of United Workmen, for $2,000; that all said policies or certificates of insurance are insured on the life of said deceased, and made payable to said Mary Koch and said minors; and that the said deceased for five years prior to the commencement of this suit had paid the premiums thereon. The bill further avers that deceased procured the same, and paid the premiums on the same while he was insolvent, without appellant's knowledge or consent, and with intent to defraud him and his other creditors. The bill then prays for an answer from the said various societies which were made party respondents, and that they disclose said premiums, etc., paid within five years before the filing of the bill, and that such premiums be brought into court and applied to the satisfaction of appellant's debt, etc. A demurrer was interposed by appellees to said bill and sustained by the court, and the bill dismissed, from which order and decree of the court this appeal is taken. The action of the court below in thus disposing of the case is assigned for error.

Chap. 73, Sec. 111, Starr & C. Ill. Stats., provides that "it shall be lawful for any married woman by herself and in her own name, or in the name of any third person with his assent as her trustee, to cause to be insured for her sole use, the life of her husband for any definite period or for the term of his natural life, and in case of her surviving such period or term the sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her, to and for her own use, free from the claims of the representatives of the husband, or of any of his creditors : Provided, however, that if the premium of such policy is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon,

shall inure to the benefit of said creditors, subject, however, to the statute of limitation," etc.

It will be seen that the statute allows a remedy against the deceased debtor's wife to the amount of the insurance she receives as to premiums paid in fraud of the creditors' claims, where the statute of limitations has not run against the premiums. The question is raised on this record as to the meaning of the provision as to the payment of the premium on such policy, etc., " with intent to defraud creditors." Does the same rule of construction apply to it as in the case of voluntary fraudulent conveyances in respect to creditors who seek to set aside the conveyances and collect their debts out of the alienated property ? We see no reason why the same rule should not apply, and from the language of the statute no other conclusion could be reached. Then in order that a voluntary conveyance of property without consideration should be void as to any particular creditors, the debt should be an existing one at the time of the conveyance, the debtor not retaining sufficient property to pay all his debts.

The rule prevails that the debtor should be just before he is generous. He should not be allowed to give away his property and leave his creditors unprovided for, or lessen his means of payment so as to unreasonably endanger his creditors. But in case the debtor is ever so much indebted to others aside from the complaining creditor at the time of the conveyance, the latter can not complain when his indebtedness is contracted afterward, because the debt was not contracted on the faith of the ownership of the property given away, nor could such creditor come in and share out of the proceeds of the property even if the conveyance be set aside by the rightful creditors. His claim can not be tacked on to those having a right to complain. Sometimes when a voluntary conveyance without consideration is made with a view of making a particular debt with intent to defraud such party, the courts have held such conveyance fraudulent as to such subsequent creditor. Now, applying these principles to this case, we find that, admitting that these associations are insurance companies

within the meaning of the statute, the appellant shows no grounds for relief. The bill utterly fails to show that any portion of the premiums paid to the associations named were paid while appellant's claim for $131 was in existence and subsisting. For anything the bill shows, this claim had not been contracted till after the last premium was paid. The bill only shows deceased was indebted to appellant in his lifetime and at the time of his decease, and was also indebted to others, and that the premiums were paid while deceased was insolvent without complainant's knowledge, and with intent to defraud complainant and his other creditors. It might all be true that the premiums were paid without appellant's knowledge and that deceased was insolvent at the time, and yet appellant at the time may have had no indebtedness against him. Unless appellant was a creditor at the time the premiums were paid how could deceased intend to defraud him ? This allegation of intent to defraud appellant is a mere conclusion of law and a misapprehension on the part of the pleader. From the facts stated there could be no such intent. Pleading is always taken most strongly against the pleader, and all essential facts not averred will be taken not to exist. If this be so then appellant showed no cause of complaint. The question as to whether the premiums mentioned in the bill were insurance premiums within the letter or spirit of the statute, not being necessary to consider, we leave undecided.

As the bill on its face was bad for the reason above set forth, the decree of the court below is affirmed.

<em>Decree affirmed.</em>