## Grace G. Houston v. Ann S. Maddux.

73  203
179s 377

1. Fraudulent Conveyances—*Intention Where Sufficient Property to Pay Debts is not Retained.*—It being established that an insured was insolvent when certain premiums were paid, and that he did not retain funds sufficient, after paying such premiums to pay his debts, it follows in relation to a person who was a creditor when such payments were made that the premiums were paid with intent to defraud.

2. Same—*Who May Attack, in Case of the Decease of the Grantor.*— Where property has been fraudulently conveyed by a person who afterward dies, such property is not assets in the hands of the administrator for general distribution among all the creditors. In such a case the fraudulent conveyance can only be attacked by creditors, and if a particular creditor files a bill and secures a decree he is entitled to be rewarded for his superior diligence.

3. Chancery—*Resort to, to Collect a Debt Not Established at Law.*— When a fund can not be reached at law and is only accessible in a court of chancery and the debtor is dead, and his estate insolvent, creditors may resort to equity in the first instance.

4. Same—*Set-Off in.*—A court of chancery has a right to grant relief by way of equitable set-off against a person who has received payment of the amount of an insurance policy, to the extent of the premiums paid by the deceased while insolvent.

5. Injunction—*Effect of Enjoining Proceedings at Law.*—An attempt to enjoin proceedings at law does not necessarily involve a confession of the validity of the claim in law, to the full extent of the addamnum laid.

6. Witnesses—*Sec. 2, Chap. 51, R. S. Applied.*—A person who is a litigant in his own interest as one who, having received insurance money, is attempted to be charged with the amount of certain premiums as to creditors of the assured does not defend in a representative capacity, nor as an heir, legatee or devisee, and can not claim the benefit of Sec. 2, Chap. 51, R. S.

**Bill** to enforce an equitable set-off.   Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Heard in this court at the October term, 1897.   Affirmed.   Opinion filed January 17, 1898.

WILBUR F. HENDRIX, attorney for plaintiff in error.

The bill is an attempt at a creditor's bill, seeking alleged equitable assets before establishing that com- plainant has a claim, and that if that claim had been prosecuted within a reasonable time could not have been satisfied.   The bill can not be maintained, in that complainant and other parties are not all the creditors as alleged, and as simple contract creditors have no concern with the frauds of decedent, until each has a certain claim—a judgment, upon his estate.   Mrs. Houston stands as a surety only, and the creditor must establish a right against her principal.   Ishmael v. Parker, 13 Ill. 324 at 328; Scripps v. King, 103 Ill. 469; Dormueil v. Ward, 108 Ill. 216; Dewey v. Eckert, 62 Ill. 218 at 220; McConnel v. Dickson, 43 Ill. 99; Eigleberger v. Kibler, 26 Am. Dec. 192; Armstrong v. Cooper, 11 Ill. 560.

The debt can not even be considered until the estate of Houston is in court; then, if the action is not barred, an entire administration must be had, all creditors brought in, not a few as here, and claims will be regu- larly adjudicated, and such as are valid, existing debts will be classified to be paid in due course.   There is no shorter route than by Chap. 3, R. S. Ill.   Armstrong v. Cooper, 11 Ill. 560; Goodman v. Kopperl, 67 Ill. App. 42; Dewey v. Eckert, 62 Ill. 218; Hales v. Hol- land, 92 Ill. 494.

MATZ, FISHER & BOYDEN, attorneys for defendant in error.

Houston v. Maddux.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This writ of error presents issues raised in the trial court upon bill and cross-bill, answers and replications thereto.

The plaintiff in error, Mrs. Houston, had a claim against defendant in error, Mrs. Maddux, upon an account stated for a share of profits arising from a joint transaction in real estate, to enforce which she had begun a suit at common law. Against this the defendant in error claimed to have an equitable set-off. To enforce this alleged right of equitable set-off, defendant in error filed her bill, and plaintiff in error answered denying right to relief, and by her cross-bill set up her claim upon which the suit at law was pending. Upon hearing, the Circuit Court decreed that the suit at law be enjoined; that plaintiff in error was entitled to the claim against defendant in error upon account stated for real estate profits to the amount of $845.18; that defendant in error was entitled to an equitable set-off to the amount of $759.33; granted the relief by way of set-off, and decreed that defendant in error pay plaintiff in error the balance due after deducting the set-off.

The claim which defendant in error sought to have set off against the claim of plaintiff in error, was for life insurance premiums paid by the husband of plaintiff in error, John T. Houston, in his lifetime, which were claimed by defendant in error as a creditor of John T. Houston, now deceased, and by virtue of Sec. 189, Chap. 73 (S. & C. Ed.) of the statutes.

The bill alleged and the evidence warranted the court in finding that John T. Houston borrowed of the defendant in error in July, 1885, the sum of $1,000, for which he gave his note; that this note was twice re-

newed by the giving of new notes; that the last note for $1,192, was executed and delivered upon November 1, 1889, and represented the principal and interest unpaid on the original loan of $1,000 at that date; that this note with interest was still unpaid; that in December, 1885, John T. Houston insured his life in the sum of $5,000, the beneficiary in the policy of insurance being his wife, the plaintiff in error, Grace G. Houston; that John T. Houston paid the annual premiums on the policy of insurance, amounting to $189.60, upon the twenty-sixth day of December of each year from 1885 until 1891, inclusive, which payments were made while the said Houston was insolvent; that plaintiff in error, upon the death of John T. Houston, collected from the insurance company the sum of $5,000, the proceeds of said insurance; that no administration was ever had upon the estate of John T. Houston; that his estate is insolvent, and unable to pay its indebtedness, and that it would be unavailing for the defendant in error to make application for letters of administration upon the estate of John T. Houston as a creditor thereof.

The principal question to be determined is whether, upon these facts and under the statute, defendant in error was entitled to have such of the premiums as had been paid within five years preceding the filing of the bill, applied upon her claim upon the promissory note of John T. Houston. If so, her right to recover such amount from the beneficiary who had been paid the insurance money, viz., plaintiff in error, would follow. The statute is in part as follows: "It shall be lawful for any married woman, by herself and in her own name, or in the name of any third person, with his assent as her trustee, to cause to be insured, for her sole use, the life of her husband, for any definite period or for the term of his natural life; and in case of her

surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance, shall be payable to her, to and for her own use, free from the claims of the representatives of the husband or any of his creditors: Provided, however, that if the premium of said policy is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall inure to the benefit of said creditors, subject, however, to the statute of limitations."

It is contended by counsel for plaintiff in error, that something more must be shown by way of intent to defraud creditors, than the mere fact of payment of premiums while insolvent, in order to entitle those who were creditors at the time of payment to recover such premiums under this statute.    To this we can not assent.

That the same rule applies here as in cases of voluntary fraudulent conveyance in respect to creditors, is decided in Wagner v. Koch, 45 Ill. App. 501.

A voluntary conveyance to a debtor's child, or wife, if it result in hindering, delaying or defrauding creditors, must be regarded as fraudulent in law, irrespective of the motives of the debtor.    Marmon v. Harwood, 124 Ill. 104.

It being established that Houston was insolvent when the three premiums in question were paid, that the debt upon this promissory note then existed, and that he did not retain funds sufficient, after paying these premiums, to pay his debts, it follows that in relation to defendant in error as a then creditor, the premiums were paid with intent to defraud.

It is urged that before filing this bill to reach these premiums, the creditor, defendant in error, should have reduced her claim to judgment, or, after death of John T. Houston, should have had it allowed as

against his estate. This contention can not be maintained as applied to the facts here. Steere v. Hoagland, 39 Ill. 264; Blair v. Illinois Steel Co., 159 Ill. 350.

But irrespective of the right of defendant in error to file her bill as a creditor, the relief sought by way of equitable set-off, and in reaching a fund held by plaintiff in error as trustee, gave the court jurisdiction.

The contention that the note is barred as the claim of a creditor against the beneficiary, who received this insurance money, by statutory limitation, is utterly without merit. No limitation could apply save the general statutory limitation of its enforcement as a contract in writing, and the special limitation imposed by the statute above set forth. The court below allowed a recovery only for such premiums as were paid within the five years before suit was brought. Nor do we think that any *laches* is attributable to defendant in error which would defeat her right to these premiums as a creditor.

It is also urged that the amount of these premiums, if found to have been fraudulently paid, is an asset of the estate of John T. Houston, and subject to the rights of all creditors. Precisely the contrary has been held in Ballentine v. Beall, 3 Scam. 203; Cole v. Marple, 98 Ill. 58.

Such premiums are not subject to the administration of the estate, and hence not subject to a widow's award.

In Cole v. Marple, *supra*, the court say: "Where property has been fraudulently conveyed by a person who afterward dies, such property is not assets in the hands of the administrator for general distribution among all the creditors. The administrator can not file a bill and reach such property, but a creditor can; and when he obtains a lien by filing a bill, and in the end recovers the property, he is justly entitled to be rewarded for his superior diligence, and receive the

payment of his debt before other creditors can come in."

The statute does not provide that such premiums shall be treated as part of the estate of the deceased debtor, but provides specifically that they shall inure to the benefit of creditors.

A widow's claim to her award is against the estate of her deceased husband. If there is no estate, she will have nothing to rely on for its payment. King v. Goodwin, 130 Ill. 102.

It is contended that defendant in error was incompetent as a witness in her own behalf by force of Chap. 51, Sec. 2 of the statutes. Plaintiff in error is a litigant here in her own interest, as one who, having received the insurance money, is chargeable for the amount of certain premiums as to creditors of the assured. She does not defend in a representative capacity nor as an heir, legatee or devisee. The statute does not apply.

It is objected that the proof of insolvency was improper and insufficient. But its propriety and sufficiency are settled by many decisions, among which are Sherman v. Blodgett, 28 Vt. 149; Thompson v. Hall, 45 Barb. 214.

Finally, counsel for plaintiff in error urge that as the bill here was filed to enjoin proceedings at law, it operated to thereby waive all errors in such proceeding, and to confess the validity in law of the claim there presented.

The proposition, however sound as to its first part, and in its application to judgments at law, is certainly not good in its application to a claim at law yet undetermined and to the extent of the *ad damnum*. If to seek in equity to enjoin proceedings at law necessarily involves a confession of the validity of the claim in law, to the full extent of the *ad damnum* laid, it would

make application to a court of equity in such cases a perilous practice. We do not so construe our statute or the rule as established by decisions. 1 High. on Inj., Secs. 59, 60.

Hence the Circuit Court did not err in disallowing the claim of plaintiff in error for moneys expended in securing an accounting, although such claim was embraced in the suit at law. The item of interest allowed by the court appears clearly to have been proper.

The judgment is affirmed.