[No. 5385. Decided April 17, 1905.]

JENNIE FLOOD, *Respondent,* v. ISAAC C. LIBBY *et al.,* *Appellants.*[1]

EXECUTIONS—SUPPLEMENTAL PROCEEDINGS — AFFIDAVIT—SUFFICIENCY—JUDICIAL NOTICE OF RECORD. As a proceeding supplemental to execution is merely auxiliary to the original action, in which the court takes judicial notice of the entire record, an affidavit for a citation is not demurrable for want of sufficient facts in that it failed to show the date of the judgment or execution, or that the judgment is unpaid, where it appears from the record that the judgment was entered fifteen days prior to the filing of the affidavit and that execution had issued and been returned unsatisfied.

EXECUTIONS—GARNISHMENT OF MUNICIPAL CORPORATIONS—SALARY OF TEACHERS. School warrants issued for the salary of

[1]Reported in 80 Pac. 533.

teachers cannot be reached by proceedings supplemental to execution, since their seizure would in effect involve a garnishment of a municipal corporation, which cannot be done.

APPEAL AND ERROR—RECORD—AFFIDAVITS. An affidavit filed after the appeal is taken, and not made part of the record by statement of facts, cannot be considered as evidence on appeal, and will be struck out on motion.

EXEMPTIONS—LIFE INSURANCE POLICIES—ANTECEDENT DEBT—JUDGMENT ON NOTE DATED AFTER LAW WENT INTO EFFECT. Bal. Code, § 5252, exempts life insurance policies from seizure for debts thereafter created, and hence applies to a policy where the judgment was upon a note dated September 10, 1896, and there was no evidence in the record showing that the same was given for an antecedent debt in existence at the time the law went into effect (1895).

SAME—ENDOWMENT POLICIES. Bal. Code, § 5252, exempting the proceeds of all life insurance policies from all liability on any debt, applies to investment or endowment life insurance having a present surrender cash value.

SAME—FEDERAL DECISION AS TO BANKRUPTCY ACT—ENFORCING DEBT UNDER STATE LAW. A decision of the federal court that the national bankruptcy act expressly subjects life insurance policies to the payment of debts, notwithstanding Bal. Code, § 5252, exempting the same, does not affect such exemption when an attempt is made to enforce a debt under the state laws.

EXECUTIONS—SUPPLEMENTAL PROCEEDINGS—RECEIVERS—APPOINTMENT. A receivership in supplemental proceedings, under Bal. Code, § 5319, will not be disturbed where the court finds generally that property is unjustly withheld by the judgment debtors, although an order as to certain exempt property is erroneous and reversed.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered February 5, 1904, upon proceedings supplemental to execution, after a hearing on the merits, requiring the judgment debtors to deliver property to a receiver. Reversed.

*Eugene Miller,* for appellants.

*Mark F. Mendenhall,* for respondent, to the point that a salary as teacher could be subjected to the payment of

debts, even if exempt from garnishment, cited: *Pendleton v. Perkins,* 49 Mo. 565; *Newark v. Funk,* 15 Ohio St. 462; *Adams v. Tyler,* 121 Mass. 380. After the salary was earned, it was liable to garnishment. *Wilson v. Lewis,* 10 R. I. 285; *Spencer v. School Dist. No. 17,* 11 R. I. 537. It could be reached by supplemental proceedings. *Blake v. Bolte,* 31 N. Y. Supp. 124; *Seymour v. Over-River School Dist.,* 53 Conn. 502, 3 Atl. 552. Supplemental proceedings are intended to reach such forms of intangible property as endowment policies. 24 Am. & Eng. Ency. Law (2d ed.), 644; *Millington v. Fox,* 13 N. Y. Supp. 334; *Walter v. Pecare,* 11 N. Y. Supp. 146; *Reynolds v. Aetna Life Ins. Co.,* 39 N. Y. Supp. 885; *Rhode Island Nat. Bank v. Chase,* 16 R. I. 37, 12 Atl. 233; *Powell v. Waldron,* 89 N. Y. 328, 42 Am. Rep. 301; *In re Heilbron's Estate,* 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602; *Washington Central Bank v. Hume,* 128 U. S. 195, 9 Sup. Ct. 41; *In re Holden,* 113 Fed.141; *In re Scheld,* 104 Fed. 870, 52 L. R. A. 188; *Morris v. Dodd,* 110 Ga. 606, 36 S. E. 83, 78 Am. St. 129, 50 L. R. A. 33.

HADLEY, J.—This appeal arises out of a proceeding supplementary to execution. A motion was filed in the original cause, calling for the issuance of a citation requiring the judgment defendants to appear and answer under oath concerning their property that may be applied to the payment of the judgment, and also asking for an order restraining them from secreting, or in any manner disposing of, their property. The motion was supported by affidavit, which recited that a judgment for $1,822.25 was duly docketed in the cause, upon which execution was issued, and that it had been returned unsatisfied. The affidavit further states, that the judgment debtors have property which they unjustly refuse to apply towards the satisfac-

tion of the judgment; that both of the defendants are drawing large salaries as teachers in the high school of the city of Spokane, all of which salaries are not exempt from execution; that the defendants own and hold life insurance policies which have large cash withdrawal values, and that they have interests in real estate, the exact nature of which is unknown to the plaintiff; that the defendants refuse to apply any of their property, credits, or cash towards the satisfaction of the judgment, and that plaintiff believes they will secrete and dispose of their property, if they should be advised of this application.

Upon the filing of the motion and affidavit, the court issued a citation, and restrained the defendants from in any manner disposing of their interests, whether in joint, separate, or community property, until the further order of the court. The defendants moved to set aside the citation and restraining order, upon the alleged ground that the affidavit did not disclose sufficient facts to authorize their issuance. The motion was denied, testimony was thereafter heard, and the court entered an order in which it was found that the defendants have property which they unjustly withhold from the payment of plaintiff's judgment, and that a receiver should be appointed to take possession of such of defendants' property as is not exempt from execution. A receiver was appointed, and he was directed to take possession of defendants' property, sell such thereof as is not by law exempt from sale and execution, and apply the proceeds to the satisfaction of the judgment. The order also directed the defendants to deliver to the receiver "all life insurance policies, books of account, title deeds, savings banks deposit books, or other vouchers or instruments representing or evidencing money or credits due to said defendants, or either of them, owned or in the possession or control of the said defendants, or either of

24-38 WASH.

them." The order also restrained the defendants from in any manner disposing of their property. The defendants have appealed from the order.

It is assigned that the court erred in issuing the citation and restraining order, and in denying appellants' motion to set them aside. This claim of error is based upon the ground that the affidavit was insufficient to give the court jurisdiction to act in the premises. It is contended that this is an independent proceeding, distinct from the original action, and that all facts necessary to give the court jurisdiction should appear upon the face of the affidavit. The affidavit does not disclose the date of the judgment, and it is contended that it may have been entered at any time from six to seven years prior to the filing of the affidavit. The affidavit does not show the date of the issuance of the execution, or of its return unsatisfied, and it is urged that, so far as appears in the affidavit, the judgment may have been paid years before the making of the affidavit. It states, however, that the judgment "is duly docketed in said cause and court," and it is made sufficiently clear that the judgment is unpaid. This is not an independent proceeding, but is merely auxiliary to the original action, and a continuation thereof. *Murne v. Schwabacher Bros. & Co.*, 2 Wash. Ter. 130, 3 Pac. 899; *Field v. Greiner*, 11 Wash. 8, 39 Pac. 259. The court, therefore, took judicial knowledge of the entire record. A supplemental transcript filed here shows, that the judgment was entered November 23, 1903; that execution was issued the same day, and was returned two days later, with the certificate of the sheriff that the appellants refused to satisfy the judgment, and that he had made diligent search but failed to find any property with which to satisfy the execution. Fifteen days later the affidavit was filed. There were sufficient facts disclosed by the

affidavit and record to give the court jurisdiction to issue the citation and restraining order.

The appellants are husband and wife, and are both employed as teachers in the high school of Spokane. A subject much discussed by respondent is that the salaries of both cannot be exempt from seizure under the terms of Bal. Code, § 5336, which exempts "the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding." We do not understand that the trial court held any portion of the salaries to be subject to seizure. The order entered by the court says nothing expressly upon that subject. At the time the testimony was taken, the court expressed the view that the salaries cannot be seized, for the reason that they accrue to appellants as the obligations of a municipal corporation, and that their seizure would in effect amount to a garnishment of the municipality. We therefore apprehend that the court did not intend the order subsequently entered to reach the salaries.

It is possible, however, that the following words in the court's order, "or other vouchers or instruments representing or evidencing money or credits due to said defendants, or either of them," may support the contention that they are broad enough to include school warrants. While, as we have said, we do not believe the court so intended the language, yet, in view of the respondent's argument, it is proper that we should now say that if such was the intention, we think school warrants and salaries should be excepted from the operation of the order, for the reason that their seizure would in effect involve a garnishment of a municipal corporation. It was held in *State ex rel. Summerfield v. Tyler*, 14 Wash. 495, 45 Pac. 31, 53 Am. St. 878, 37 L. R. A. 207, that this cannot be done, in the absence of a statute authorizing it. That decision was

founded upon reasons of public policy there discussed, and upon authorities therein cited. Respondent argues that this is not a garnishment proceeding, but it seeks to accomplish the same result, and the argument as applied to garnishment proceedings applies with equal force here.

The principal contention of appellants is that, under the statute of 1895, their life insurance policies cannot be seized. · That statute is found in Bal. Code § 5252. It was held in the case of *In re Heilbron's Estate*, 14 Wash. 536, 45 Pa. 153, 35 L. R. A. 602, that the statute is not retroactive in its effect, and does not interfere with the application of the proceeds of life insurance to indebtedness existing before the statute. The respondent contends that the indebtedness sought to be enforced here existed prior to the statute of 1895, but appellants urge that there is no proof that such is the fact. The note upon which the judgment was founded bore date September 10, 1896, which was more than a year after the statute was in force. Some effort was made to show, by the oral examination of the appellants, that the note was given as a renewal for several loans previously made by respondent to appellants, but that testimony does not satisfactorily show when the indebtedness was first created. An affidavit of respondent, filed in the superior court long after this appeal was taken, and brought here as a part of the supplemental transcript, states that the note described in the complaint was a renewal note, including five separate loans made by her to appellants during the years 1891, 1892, and 1893. Appellants moved to strike this affidavit, for the reason that it is not included in the statement, or any statement of facts certified by the court. The motion must be granted, and, with the affidavit stricken, there is no definite, tangible evidence before us that the indebtedness existed prior to the statute of 1895. So far as the record now

discloses, therefore, the appellants' policies of insurance are subject to the operation of that statute.

It is insisted by respondent that, even under the statute of 1895, investment or endowment insurance which has a present surrender cash value to the holder, is not exempt from liability for debts. It is argued that the proceeds of a policy payable to the insured or to his estate, and which has a present cash value, becomes the property of the insured as much as any other class of property, and may be reached for his debts, and we are asked to construe the statute of 1895 as including only such insurance as is payable to a beneficiary other than the insured, and which is manifestly intended for the protection of the family or other beneficiaries, without any present or prospective interest in the insured himself.

It would be difficult to employ language more sweeping and comprehensive than that used in the statute. It reads as follows: "The proceeds or avails of all life and accident insurance shall be exempt from all liability for any debt." It will be observed that *all* life and accident insurance shall be exempt from *all* liability for *any* debt. It is within the power of the legislature to declare what property shall be exempt, and we think the language of the statute is too plain to call for controversy. The classes of insurance which respondent insists are not included in this statute are properly known as *life* insurance. Whatever the terms of payment, yet the conditions of the policies relate, among other things, to the tenure of life of the insured. The argument of the respondent would apply to the proceeds of accident insurance, since, in the case of an injury not resulting in death, the indemnity is paid to the insured, and becomes his property; but it must be conceded that accident insurance is made exempt by the statute. This statute was considered by the United States

district court for the district of Washington. The two insurance policies before that court were for $5,000 and $2,000 respectively. Daniel L. Holden was the insured in both, and Lizzie Holden was the beneficiary in both, with the provision, however, that, if she should not survive him, the payment should be made to his executors, administrators, and assigns. The insured and beneficiary were adjudged bankrupts, and they claimed the two life insurance policies as exempt. The court held that they were exempt, but on appeal the circuit court of appeals held that they were not exempt. See *In re Holden,* 113 Fed. 141.

Respondent cites the last named decision as authority for her contention here. Prior to that decision, this court had not construed the state statute upon the question involved here. It is doubtful, however, even if such construction had been theretofore made, if it would have led to a different result in the federal court, for the reason that that court considered the matter with reference to the national bankruptcy law, and in a bankruptcy proceeding. Section 6 of the bankruptcy law of 1898 is as follows:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Notwithstanding the above, the federal court held that the provision does not pervade the whole bankruptcy act, but is controlled by section 70a thereof, and that, under the latter section, policies of insurance payable to the bankrupt himself, his estate, or personal representatives, pass to the trustee of the estate. It will thus be seen that the decision was based upon an interpretation of the bank-

ruptcy law to the effect that such policies of insurance are expressly declared not exempt, and that such provision obtained in the bankruptcy proceedings, regardless of the Washington statute upon the subject. As we understand the decision, it does not undertake to determine that our statute does not exempt such insurance policies, but that notwithstanding such exemption by the state law, they are not exempt in a bankruptcy proceeding. Such holding in no manner interferes with the application of the statute when an attempt is made to enforce a debt under state laws. It is therefore held here that the statute exempts all life and accident insurance, except for debts existing prior to the taking effect of the act.

It follows from the foregoing that that portion of the court's order which directed appellants to deliver to the receiver all life insurance policies, and restraining them from assigning or disposing of the same, was erroneous, in the absence of proof that the indebtedness was created prior to the act of 1895. As the record and proofs now stand, the order must be modified to the extent of omitting the portion mentioned. We shall not disturb the appointment of the receiver, in view of the court's general finding that property is unjustly withheld, and of the direction that other classes of property shall be delivered to the receiver. The receivership is authorized under Bal. Code, § 5319. The cause is remanded with instructions to proceed in accordance herewith. The appellants shall recover costs of the appeal.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.