[No. 9665. Department Two. October 24, 1911.]

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, *Plaintiff*, v. CHEHALIS COUNTY BANK *et al.*, *Defendants*, J. A. HUTCHESON *et al.*, *Respondents*, JOHN A. ROEBLING'S SONS COMPANY *et al.*, *Appellants.*[1]

EXEMPTIONS—LIFE INSURANCE—STATUTES—IMPLIED REPEAL. Rem. & Bal. Code, § 6158, declaring that the beneficiary shall be entitled to life insurance as against creditors, except that the amount of premiums paid in fraud of creditors shall inure to their benefit from the proceeds of the policy, does not impliedly repeal Id., § 569, providing that all life and accident insurance shall be exempt from all liability for debt, although the title of the later act is broad enough to cover the whole subject of insurance; since repeals by implication are not favored, and exemption laws are favored, and the two acts are not inconsistent.

FRAUDULENT CONVEYANCES—PAYMENT OF LIFE INSURANCE PREMIUMS—PROCEEDS OF POLICY—STATUTES. Rem. & Bal. Code, § 6158, providing that the amount of premiums paid in fraud of creditors shall inure to their benefit from the proceeds of the policy, has no application to insurance the premiums on which were not paid by the deceased.

EXEMPTIONS—LIFE INSURANCE—PROCEEDS. The exemption of life insurance from the debts of the deceased, by Rem. & Bal. Code, § 569, is not affected by the insolvency of the deceased.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered May 27, 1911, in favor of a defendant intervener, after a hearing before the court without a jury, in an action of interpleader. Affirmed.

*Conway & Snider*, for appellants.

*G. C. Israel* and *J. A. Hutcheson*, for respondent Bernard.

CHADWICK, J.—On November 15, 1907, Joseph Bernard took out a policy of insurance for the sum of $20,000. He afterwards assigned the policy to a certain creditor, to se-

[1]Reported in 118 Pac. 326.

cure such sums as might be owing it in the event of his death. On the 20th day of December, 1909, he died intestate. The assignee creditor claiming a share of the policy, and the administrator and the widow respectively claiming the whole thereof, one as assets of the estate and the other as exempt to her, the insurance company brought the fund into court, disclaiming any interest in the policy save an item of $130.60 for unpaid premiums, and asked that the fund be paid to whomsoever the court found to be justly entitled thereto. Appellant John A. Roebling's Sons Company, in its own behalf and as assignee of several creditors of Bernard, having established their claims against the estate, filed a bill of interpleader, in which they asked that the amount of the policy be made subject to the claims of creditors. The Roebling's Sons Company has appealed from a decree of the court holding the proceeds of the policy, after deducting the amount due the assignee and a certain sum for costs and expenses of administration, to be exempt to the widow, and denying its right to participate therein.

It was alleged by the appellants that Bernard was insolvent at the time the policy was issued, and so remained until his death. Upon this issue the court made no finding. The court below held the policy to be exempt under chapter 125 of the Laws of 1895, entitled, "An act exempting the proceeds of life insurance from liability for debt." Section 1 of the act reads as follows: "That the proceeds or avails of all life insurance shall be exempt from all liability for debt." This act was amended in 1897 so as to exempt accident insurance as well as life insurance. Laws 1897, page 70; Rem. & Bal. Code, § 569.

It is the contention of the appellants, however, that Laws 1909, page 556, ch. 142, § 36 (Rem. & Bal. Code, § 6158), repeals the former statutes and is now the only law upon the subject of exemptions of life insurance. That it was the intention of the legislative body to exempt the proceeds of *all* life insurance from *all* liability for *any* debt is

clearly expressed in the earlier acts (*Flood v. Libby*, 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851) ; and to hold that these laws are repealed, it will be necessary for us to say the repeal is worked by implication, for there is no reference to the former act and no repealing clause in the act of 1909. That repeals by implication are not favored is the established doctrine in this state, and that they will not be allowed unless the will of the legislature is so manifest that the statutes cannot be read *in pari materia* without violence to the earlier statutes is a fundamental rule of construction from which courts are not at liberty to depart.

Another principle bearing upon this case is that exemption statutes are favored, and to overcome them the legislative will should be so clearly expressed as to leave no doubt in the minds of the court. When so tested, the contentions of the appellants must be denied. The purpose of the legislature to repeal the general exemption statute is in no way indicated in the title of the later act. Nor is its repeal necessary to give life to the provisions of § 36 of the act of 1909, which, in so far as this case is concerned seems to go no further than to provide that sums paid upon premiums for life insurance in fraud of creditors may be recovered out of the proceeds of the policy for the benefit of the estate. The object of § 36 of the act of 1909 was to keep the original estate intact for creditors. Blackstone's rule of construction, "The old law, the mischief, and the remedy," applies with apt force here. Under the old law, a party could pay any part of his estate out in insurance premiums, and thus exempt the proceeds in the hands of his beneficiary. This mischief called for a remedy, and the legislature went no further than to provide that the beneficiary should repay enough to keep the estate up to the volume upon which its credit had been founded. In the act of 1909, no provision is made for a policy payable to an undesignated beneficiary or to the estate of the assured. Hence, although it were held that the sums paid as premiums in this case could be recovered out of the policy, it

does not follow that the balance would not be exempt under the statute of 1897. This case is to be distinguished from the case of *Bailey v. Wood*, 202 Mass. 549, 89 N. E. 147, 25 L. R. A. (N. S.) 722, which is relied on by appellants. While in that case the same statute was before the court, the facts were such that the court found that a policy upon the life of another, which was matured, was a part of the assets of an insolvent debtor, the beneficiary; and the court held, and properly so, that his voluntary assignee could claim nothing under the statute, nor under the common law, and that the whole transaction was void as against creditors. Massachusetts had no law comparing with the law of 1897.

Many cases are cited to sustain the proposition that the title of the act of 1909, which is as follows: "An act to regulate the business of life insurance, the issuance of policies of endowment or of annuity and the organization and operation of companies formed to transact such business," is broad enough to cover the whole scheme of life insurance, and therefor the act must be held to include all exemptions now allowed by law. We think this would undoubtedly be true if it were not for the former act. But the question with us is not what might be held to be within the title if it were the only law upon the statute books, but whether an existing law is repealed by the terms or implications of the later law.

It is urged that Bernard took out this policy to protect his creditors, and that his intention being ascertained, the courts will see that his will is done. This may be the rule if his intent is certain. But where, as in this case, the testimony is conflicting and has been rejected by the trial court, there is no premise upon which the rule can operate. Nor would the insolvency of Bernard make any difference under our construction of the statute.

It is said finally that, in any event, a sum equal to the amounts paid out for the insurance premiums should be returned for the benefit of creditors. But inasmuch as the record shows that the amounts thus paid were paid by the

secured creditor or deducted from the policy by the insurance company, they could not in any event be recovered, never having been a part of the estate.

The law of 1897 and the law of 1909 are not inconsistent, and effect may be given to both.

Judgment affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and CROW, JJ., concur.