[No. 12751. Department One. January 28, 1916.]

*In the Matter of the Estate of* F. S. BLATTNER.
DORA D. BLATTNER, *Administratrix, Appellant,* v.
W. H. ABEL, *Respondent.*[1]

INSURANCE—LIFE INSURANCE—PROCEEDS—EXEMPTION FROM DEBTS—STATUTES. Construed together as *in pari materia*, Rem. & Bal. Code, § 6158, providing that, if a policy of insurance is effected by any person on his own life, the lawful beneficiary thereof, other than himself or his legal representatives, shall, unless contrary to the terms of the policy, be entitled to its proceeds against the creditors, was intended to modify the sweeping provisions of Id., § 569, providing that the proceeds or avails of all life and accident insurance shall be exempt from all liability for any debt; hence, to claim the exemption, the insurance must be payable to some beneficiary "other than the assured or his legal representatives."

Appeal from an order of the superior court for Pierce county, Clifford, J., entered January 28, 1915, upon findings in favor of a creditor of an estate, after a hearing upon objections to the final report of the administratrix. Affirmed.

*Chapman & Bailey* and *L. B. da Ponte,* for appellant.

*A. R. Titlow* and *W. H. Abel, in pro per,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court directing the administratrix of the estate of F. S. Blattner to pay to the respondent, out of the proceeds of certain insurance upon the life of Frank S. Blattner, the sum of $2,921.70, together with the costs of the action, less such

[1]Reported in 154 Pac. 796.

sum as Mr. Abel hereafter receives as distributee of the general funds of the estate.

There is no substantial dispute upon the facts, which are, briefly, as follows: On June 26, 1912, Mr. Abel delivered to Mr. Blattner two notes for the sum of $1,500 each, to be cashed for the purpose of raising $3,000, which was to be used by Mr. Blattner, as agent of Mr. Abel, in purchasing certain real estate. Mr. Blattner cashed these notes and obtained the money therefor. He did not purchase the real estate, but held the money in his possession. Thereafter Mr. Blattner lost his life. The money which he had received from Mr. Abel had been mingled with his own private funds, and came into the hands of the administratrix as assets of the estate. After the death of Mr. Blattner, his widow was appointed as administratrix of his estate.

In March, 1913, Mr. Abel presented his claim to the administratrix, the same was allowed by her, and in January, 1914, the claim was approved by the court and became a claim against the estate. Thereafter payments were made upon the claim amounting to $493.77.

At the time of his death, Mr. Blattner had two insurance policies upon his life payable to his estate. These policies amounted to $14,258.83. They were collected by the administratrix. Thereafter, upon an *ex parte* application of the administratrix, without notice to Mr. Abel, the court made an order directing one-half of the insurance money to be paid to Mrs. Blattner, and the other half to Dorothy M. Blattner, the daughter of the deceased. Upon the final report of the administratrix being filed, Mr. Abel objected to the payment of the insurance money to the widow and the daughter of the deceased. Upon the hearing of these objections, the court entered the order herein appealed from.

The principal question presented is whether the proceeds of a life insurance policy payable to the estate of the deceased is exempt from the debts of the deceased where, in his

lifetime, the property of the deceased would not be exempt from the payment of this claim.

Many pages of the briefs of the appellant and the respondent are taken up with a discussion whether § 564, Rem. & Bal. Code (P. C. 81 § 875), is applicable to this case. This section provides that no property shall be exempt from execution issued upon a judgment against an attorney or agent on account of any liability incurred by such attorney or agent to his client or principal on account of any moneys or other property coming into his hands from or belonging to his client or principal. But in view of our conclusion upon another question which seems to us to control, we shall not pass upon the applicability of that statute to this particular case.

The appellant relies upon the provision of Rem. & Bal. Code § 569 (P. C. 81 § 881), which provides:

"The proceeds or avails of all life and accident insurance shall be exempt from all liability for any debt."

It is strenuously argued that, because the money in question was derived from an insurance upon the life of Mr. Blattner, under this section it is exempt from the payment of Mr. Abel's claim. This statute is a sweeping statute; and this court has many times held that, when considered alone, it applies to all debts created after the statute took effect. *Flood v. Libby*, 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851; *In re Heilbron's Estate*, 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602; *Northwestern Mutual Life Ins. Co. v. Chehalis County Bank*, 65 Wash. 374, 118 Pac. 326; *Reiff v. Armour & Co.*, 79 Wash. 48, 139 Pac. 633, L. R. A. 1915 A 1201; *German-American State Bank of Ritzville v. Godman*, 83 Wash. 231, 145 Pac. 221.

Section 6158, Rem. & Bal. Code, provides as follows:

"If a policy of insurance is effected by any person on his own life, or on another life in favor of a person other than himself having an insurable interest therein the lawful beneficiary thereof, other than himself or his legal representa-

tives, shall, unless contrary to the terms of the policy, be entitled to its proceeds against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name  .  .  ."

In the case of *Northwestern Mutual Life Ins. Co. v. Chehalis County Bank, supra,* it was contended that this latter statute repealed Rem. & Bal. Code, § 569 (P. C. 81 § 881), above quoted; but we denied that contention, saying, that if it was repealed at all it was repealed by implication, and "That repeals by implication are not favored is the established doctrine in this state, and that they will not be allowed unless the will of the legislature is so manifest that the statutes cannot be read *in pari materia* without violence to the earlier statutes is a fundamental rule of construction from which courts are not at liberty to depart." Neither the opinion nor the record in that case shows the beneficiary of the insurance policy. The question presented in the case at bar was neither decided nor discussed in that case, except in so far as we held that § 569 was not repealed by implication by § 6158. It is apparent, from our decision in that case, that we regarded these two statutes as being *in pari materia,* and that they should be construed accordingly. We think it is plain from the provision of § 6158 quoted, that the legislature intended that the proceeds of a life insurance policy should be exempt from creditors of the estate only when the beneficiary in the policy is some person other than the insured himself or his legal representatives, for it says:

"If a policy of insurance is effected by any person on his own life,  .  .  .  the lawful beneficiary thereof, other than himself or his legal representatives, shall, unless contrary to the terms of the policy, be entitled to its proceeds against the creditors and representatives of the person effecting the same;  .  .  ."

Otherwise, the phrase "other than himself or his legal representatives" is entirely meaningless, for the statute, at § 569

above quoted, provides that the proceeds and avails of all life and accident insurance shall be exempt from all liability for any debt. We think it was intended by the later statute to modify that sweeping provision of the former statute to the extent of providing that, if a policy of insurance is effected by any person on his own life in favor of himself or payable to his estate, in such a case the proceeds are not exempt against the creditors and representatives of the person effecting the insurance. When these two statutes are construed together *in pari materia*, we think that is clearly the meaning, because the words "other than himself or his legal representatives" were used for a purpose, and that purpose was to limit the exemption, as stated.

In the case of *German-American State Bank of Ritzville v. Godman, supra,* we held that the proceeds of certain insurance policies, payable to the estate of the insured and to the legal representatives of the insured, were not subject to certain debts. In that case, the point now being considered was not raised or discussed, for in that case we said:

"Although not relied upon by the appellants, it is equally plain that Laws 1909, p. 556, § 36 (Rem. & Bal. Code, § 6158), have no application to the facts in the case at bar."

The decision in that case was rested principally upon the provisions of § 569, and the court did not attempt to construe the provisions of § 6158, *supra,* as affecting that section, because the point was not relied upon. It was held in that case that the words "legal representatives" mean ordinarily executors or administrators. We there said:

"The law does not differentiate between policies payable to the 'executors, administrators, or assigns,' and policies payable to 'the estate' of the insured."

This is plainly so; and where a policy is made payable to one's estate, it is payable to his legal representatives. We are therefore satisfied that, under the provisions of § 6158 above quoted, it was the intention of the legislature that the proceeds of insurance policies payable to an estate should be

liable to the creditors of the estate. In order that the proceeds may not be liable to the creditors of the estate, the insurance must be effected in favor of a beneficiary other than the insured or his legal representatives: for example, the wife, a child or children, or some other specified person. Where the policy is made payable to the insured or to his estate, or "his legal representatives," the proceeds thereof are not exempt, but are available to the creditors of his estate. This being so, it is plain that the trial court was right in holding that the proceeds of this policy were liable for the debt in question.

The judgment is therefore affirmed.

MORRIS, C. J., and CHADWICK, J., concur.

FULLERTON, J. (concurring)—While I concur with the majority in the conclusion reached in this cause, I do not think it can be differentiated from the case of *German-American State Bank of Ritzville v. Godman*, 83 Wash. 231, 145 Pac. 221. It is true the parties to that appeal did not cite or rely upon the statute now found to be controlling, but the court itself did not overlook the statute. On the contrary, the statute was cited in the opinion and held to have no application. I did not have the privilege of sitting at the hearing in the earlier case, but I thought then, and I think now, that a wrong conclusion was reached therein. This opinion, therefore, should do in terms what it does in fact, namely, overrule that case, to the end that no uncertainty should exist as to the rule properly to be applied to like cases.

ELLIS, J., concurs with FULLERTON, J.