[No. 12751.   *En Banc.*   July 7, 1916.]

*In the Matter of the Estate of* F. S. BLATTNER.

DORA D. BLATTNER, *Administratrix, Appellant,* v.
W. H. ABEL, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRIORITY—INSOLVENCY.
Upon finding that insurance funds had been wrongfully withdrawn
from an estate, it is error to order a claim paid in full therefrom,
where the estate was insolvent and it was not determined whether
the claim was a preferred claim.

SAME—CLAIMS—PRIORITY—TRUST FUND.   Where funds were given
to the deceased for the purpose of purchasing certain real estate and
commingled with his private funds without consummating the pur-
chase, the same constituted a trust fund, creating a preferred claim
against the estate superior to the claims of the general creditors.

Appeal from an order of the superior court for Pierce
county, Clifford, J., entered January 28, 1915, upon find-
ings in favor of a creditor of an estate, after a hearing
upon objections to the final report of the administratrix.
Modified.

*Chapman & Bailey* and *L. B. da Ponte,* for appellant.
*A. R. Titlow* and *W. H. Abel, in pro per,* for respondent.

ON REHEARING.

FULLERTON, J.—This cause is before us upon rehearing
*En Banc.*   The Department opinion will be found reported
in 89 Wash. 412, 154 Pac. 796, wherein the order appealed
from was affirmed.   On reargument, our attention has been
directed to parts of the record not called to our attention in
the former hearing which seem to us to require a modifica-
tion rather than an affirmance of the order.

In addition to the facts recited in the Department opinion,
these further facts appeared.   Mr. Abel presented his claim

[1]Reported in 158 Pac. 1015.

to the administratrix as a preferred claim against the estate. The administratrix disallowed it as a preferred claim, but allowed it as a general claim, and in her final account classed it among the general claims of the estate to be paid *pro rata* with other general claims, the estate proving to be insolvent. Mr. Abel filed objections to the final account, making two contentions; first, that his claim was a preferred claim and entitled to be paid prior to the payment of the general claims; and, second, that the administratrix had wrongfully diverted from the funds of the estate the proceeds of two certain insurance policies on the life of the deceased which were payable to his estate. At the hearing on the final account, the court did not pass upon these contentions, but appointed another time for a hearing thereon, and directed the administratrix to retain in her hands sufficient of the funds of the estate to satisfy the claim should it be adjudged to be preferred; approving the account in other respects, and directing that the fund remaining be distributed in accordance therewith. Later a hearing was had on the contentions made by Mr. Abel. At this hearing, it appeared that the notes given by Mr. Abel to Mr. Blattner (mentioned in our former opinion) had been discounted by Mr. Blattner and the funds received therefrom placed to his credit in a bank with his private funds, but that the purchase of the real estate contemplated by the parties failed of consummation, and that Mr. Blattner met with an accidental death prior to the return of the money to Mr. Abel. The court, however, without adjudging whether the claim was or was not preferred, found that the proceeds of the life insurance policies were wrongfully withdrawn from the funds of the estate, and directed that Mr. Abel's claim be paid in full from such funds, although it appeared that, with these funds returned, the estate was insufficient to pay all of the general claims in full.

In the light of these facts, it seems to us that our conclusion to the effect that the order of the trial court be af-

firmed was not well founded.  It is plain that, if the facts giving rise to the claim of Mr. Abel class it among the pre-ferred claims of the estate, then the order of the trial court should have given it the status of a preferred claim, and directed that it be paid out of the funds of the estate before any distribution thereof was made to the general creditors. On the other hand, if the claim is a general claim, the order directing it to be paid in full is erroneous, since it was shown that the funds in the hands of the administratrix, even including the money received from the life policies, were not sufficient to pay all of the general claims in full.

The fact that the court was induced to hold, on the ob-jection of Mr. Abel, that the insurance fund was a part of the estate, gave him no preference right to have his claim paid in full from such fund.  Equality is equity in the dis-tribution of estates.  Costs and expenses may be allowed to a creditor who, at his own suit, has brought funds into an estate to recover which the administrator or other creditors have not seen fit to make a contest, but before creditors in equal degree are barred from the fund recovered they must at least have had the opportunity to say whether they will or will not join in the contest.

Whether, under the circumstances recited, the claim of Mr. Abel against the estate is a preferred claim is a ques-tion upon which the authorities are divided.  Without no-ticing them in detail, we think the better reason is with those holding such a claim to be preferred.  The money de-rived by Mr. Blattner from the discount of the notes was in his hands a trust fund.  The title to it was at all times in Mr. Abel, and Mr. Blattner's power was that of an agent to dispose of it for a particular purpose.  This re-lationship was not changed by the fact that Mr. Blattner intermingled the fund with his own.  He could not by this act change the relation existing between himself and Mr. Abel from that of trustee and *cestui que trust* to that of

debtor and creditor. Nor did his death make Mr. Abel a simple creditor of his estate; he could pursue the money in specie in the hands of the administratrix had it not been commingled with the private money of the deceased. The intermingling, while it prevents tracing it in specie, should not be held to prevent its tracing in kind. The general creditors suffer no wrong by such an act. The estate has been increased to the extent of the sum wrongfully intermingled, and after its withdrawal the creditors have all to which they otherwise would have been entitled.

This view of the record renders it unnecessary to consider the question determined in our former opinion, and we leave it open for future consideration.

The order appealed from is reversed, and the cause remanded with instruction to allow the claim of Mr. Abel as a preferred claim against the estate of Mr. Blattner to be paid along with the other preferred claims against the estate.

MORRIS, C. J., HOLCOMB, PARKER, MAIN, and BAUSMAN, JJ., concur.

ELLIS, MOUNT, and CHADWICK, JJ., concur in the result.