[No. 13256. Department One. December 12, 1916.]

ROSA ELSOM, *Appellant,* v. ELLA GADD, *Respondent.*[1]

EXEMPTIONS—LIFE INSURANCE—PROCEEDS—EXEMPTION FROM DEBTS —STATUTES. Construed together as *in pari materia* with Rem. 1915 Code, § 569, Rem. & Bal. Code, § 6158, providing that, if a policy of insurance is effected by any person on his own life, the lawful beneficiary thereof, other than himself or his legal representatives, shall, unless contrary to the terms of the policy, be entitled to its proceeds against the creditors, was intended to modify the sweeping provisions of § 569, providing that the proceeds or avails of all life and accident insurance shall be exempt from all liability for any debt; hence, to claim the exemption, the insurance must be payable to some beneficiary "other than the assured or his legal representatives" (FULLERTON, J., dissenting).

SAME — STATUTES — REPEAL — SUBJECT-MATTER. The repealing clause of the Insurance Code, Laws 1911, p. 298, § 238, repealing all prior acts "on the subject of the organization and government of insurance companies and insurance business," was not intended to repeal the earlier act, Rem. 1915 Code, § 569, exempting the proceeds or avails of all life and accident insurance from liability for any debt; the subject-matter of exemptions being a distinct subject-matter in and of itself not necessarily included within an act relating to insurance.

Appeal from a judgment of the superior court for King county, Jurey, J., entered December 14, 1915, in favor of creditors of an estate, upon a hearing upon objections to the

[1]Reported in 161 Pac. 483; 162 Pac. 867.

final account and distribution by the administrator. Affirmed.

*Tucker & Hyland,* for appellant.

*Charles H. Miller,* for respondent

CHADWICK, J.—This appeal raises the question whether a life insurance policy payable to the estate of a deceased person is exempt from the payment of the debts of the estate. At the time the case was decided in the court below, the case of *German-American State Bank of Ritzville v. Godman,* 83 Wash. 231, 145 Pac. 221, was the final expression of this court. The trial judge, however, found that the statute under which appellant claims, Rem. 1915 Code, § 569, was an exemption statute and could not be invoked in aid of one who did not come within the usual definitions of exempt persons, following the principles set forth in 18 Cyc. at pp. 1374, 1397, and 1436.

An appeal was taken. Pending a hearing, we announced our decision in the case of *In re Blattner's Estate,* 89 Wash. 412, 154 Pac. 796. A rehearing was granted in the latter case. The final decision of the court, sitting *En Banc,* was rested upon the· doctrine of preferred claim, a majority of the judges saying:

"This view of the record renders it unnecessary to consider the question determined in our former opinion, and we leave it open to future consideration." *In re Blattner's Estate,* 92 Wash. 48, 158 Pac. 1015.

While the opinion of the court might be rested upon the grounds indicated by the trial judge, we shall not—because of the importance of the main issue, and the fact that it must inevitably recur unless finally determined—inquire into the soundness of the holding that the statute is not available to one who is not named as a privileged person in the general exemption laws.

We have had the benefit of two able oral arguments in the *Blattner* case, with exhaustive briefs, and a more exhaustive

petition for a rehearing. We have also had the benefit of able argument and briefs in this case, and conclude that the decision in the *Blattner* case, 89 Wash. 412, 154 Pac. 796, is the true interpretation of the law and controls the case at bar.

It was explained in the *Blattner* case that the issue now determined was not called directly to the attention of the court in the case of *Northwestern Mut. Life Ins. Co. v. Chehalis County Bank*, 65 Wash. 374, 118 Pac. 326, and in the case of *German-American State Bank of Ritzville v. Godman, supra*, but counsel insist that the issue was in fact involved, and that, under those decisions, money payable to an estate is exempt from all debts of the estate. Granting, but without holding, this to be so, a majority of the judges are now content to subscribe to the first opinion in the *Blattner* case, and, that no confusion may follow, it will be understood that the cases last referred to, in so far as they affect the main issue, are now over-ruled.

Affirmed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.

FULLERTON, J. (dissenting)—An examination of the opinion in the case of *In re Blattner's Estate*, 89 Wash. 412, 154 Pac. 796, will show that the decision was rested entirely on a particular clause of § 36 of the act of March 17, 1909 (Laws 1909, p. 556, § 36; Rem. & Bal. Code, § 6158). Our attention was not then directed to the later act on the subject of life insurance, found in the Laws of 1911, p. 161 (Rem. 1915 Code, § 6059-1 *et seq.*). In the argument on the rehearing of the cause, however, this statute was brought to our attention, and it was strenuously contended that it repealed the statute of 1909, leaving the general statute (Rem. 1915 Code, § 569), which exempts the proceeds or avails of all life and accident insurance from all liability for any debt, in full force with respect to life insurance payable to the estate of a decedent. This ques-

tion is not noticed in the majority opinion, although it
seems to me to be worthy of consideration.

The act of 1911 purports to be a complete insurance
code. It is entitled:

"An Act to provide an Insurance Code for the State of
Washington, to regulate the organization and government
of insurance companies and insurance business, to provide
penalties for the violation of the provisions of this act, to
provide for an Insurance Commissioner and defining his
duties, and to repeal all existing laws in relation thereto."
Laws 1911, p. 161.

The last section of the act contains a repealing clause.
It reads:

"This act may be referred to and shall be known as 'The
Insurance Code,' and shall supersede all prior acts on the
subject of the organization and government of insurance
companies and insurance business, and all such prior acts
are hereby repealed." Laws 1911, p. 298, § 238 (Rem.
1915 Code, § 6059-238).

The language of this section, it is true, is somewhat re-
strictive, but I think it broad enough in its terms to include
the particular clause on which the case of *In re Blattner's
Estate* was rested. It expressly repeals all prior acts on
the subject of insurance business, and this particular clause,
to my mind, clearly relates to insurance business. If it does
not, it has no standing under any circumstances or on any
theory, since it was enacted under the title, "An act to reg-
ulate the business of life insurance, . . ." a title too
restrictive to permit the enactment of any provision not re-
lating to such business.

But if it be said that this particular section does not re-
late to insurance business, was properly enacted, and that
the repealing clause in the later act is so far restrictive as
to refer to nothing that would not have been superseded by
the act itself had it contained no repealing clause, I think
the same result must follow. The new law covers the whole
subject-matter of the old one, and if any part of the latter

remains, it is only the particular provision now under consideration. In the early case of *Mansfield v. First Nat. Bank*, 5 Wash. 665, 32 Pac. 789, 999, we held that, where a new law covers the whole subject-matter of an old one, the earlier law is repealed by the later one, notwithstanding there may be some matters in the earlier law which are not necessarily obnoxious to any provision of the new one. The rule rests not strictly on the ground of repeal by implication, but upon the principle that, where the legislature makes a revision of a particular statute and frames a new statute on the subject-matter, it is a legislative declaration that whatever is embraced in the new law shall constitute the existing law and that whatever is excluded therefrom is discarded. The principle of the case cited has been followed in numerous other cases decided by us, the latest of which is perhaps the case of *Whitfield v. Davies*, 78 Wash. 256, 138 Pac. 883.

The principle is controlling here. I am convinced, therefore, that the cases of *Northwestern Mut. Life Ins. Co. v. Chehalis County Bank*, 65 Wash. 374, 118 Pac. 326, and *German-American State Bank of Ritzville v. Godman*, 83 Wash. 231, 145 Pac. 221, were correctly decided, and that we were in error in the case of *In re Blattner's Estate*, and that the majority are in error in the opinion in the case before us.

## On Rehearing.

### [Decided January 30, 1917.]

Per Curiam.—A petition for rehearing has been filed in this case. The principal reliance of counsel, and the only one which calls for further argument, is that § 36 of the act of 1909, p. 556, Rem. & Bal. Code, §6158, upon which *In re Blattner's Estate*, 89 Wash. 412, 154 Pac. 796, is made to rest, was repealed by the act of 1911 [Laws 1911, p. 161; Rem. 1915 Code, § 6059-1 *et seq.*], which purports to be a revision and rewriting of the insurance code; that if we

grant the soundness of the court's holding that the former act, Laws 1895, p. 336 (Rem. & Bal. Code, § 569), exempting the proceeds and avails of all life insurance, was modified by § 36 of the act of 1909, we should at this time, our attention being called to the act of 1911, adhere to our former holding, that is to say, the rule of *Flood v. Libby*, 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851, and *German-American State Bank of Ritzville v. Godman*, 83 Wash. 231, 145 Pac. 221. No better statement of the position of counsel can be made than is made by Judge Fullerton in his dissenting opinion in the instant case.

Whether the act of 1911 repeals § 36 of the act of 1909 is a question involving some perplexity and, as we believe, one that should not, and cannot be, determined by reference to the two acts of 1909 and 1911 alone, without a harvest of consequences that would destroy all of the law pertaining to the exemption of the proceeds and avails of life insurance, whether the rule is found in the statutes or the opinions of this court.

The first act exempting the proceeds and avails of life insurance was passed in 1895. It is entitled: "An act exempting the proceeds of life insurance from liability for debt, and declaring an emergency." It is provided:

"Be it enacted by the Legislature of the State of Washington:

"Section 1. That the proceeds or avails of all life insurance shall be exempt from all liability for any debt." Laws 1895, p. 336.

This act was amended, Laws 1897, p. 70. The amendment is not material to our discussion. It was carried into the codes under the title "Homesteads and Exemptions," Bal. Code, § 5252; Rem. & Bal. Code, § 569; Rem. 1915 Code, § 569. It found its way to this court for the first time in *In re Heilbron's Estate*, 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602, and was there treated as a remedial statute partaking of the nature of "but not strictly" an exemption

law, the controlling question being whether the named beneficiary had a property interest in the policy and whether the act of 1895 was retroactive.

In *Flood v. Libby, supra,* the right of holders of endowment policies as against their creditors was considered. No question of "insurance business" is suggested in the opinion. The present worth of the policies was held to be exempt, the court saying:

"It is within the power of the legislature to declare what property shall be exempt, and we think the language of the statute is too plain to call for controversy."

In 1909, the legislature passed what is known as the insurance code, Laws 1909, ch. 142, p. 538. While there is no repealing clause, it was intended and accepted as a complete code containing all the law intended for the regulation of the business of *life insurance.* It is entitled:

"An Act to regulate the business of life insurance, the issuing of policies of endowment or of annuity, and the organization and operations of companies formed to transact such business."

The act of 1909 contained the following provision:

"If a policy of insurance is effected by any person on his own life, or on another life in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself, or his legal representatives, shall, unless contrary to the terms of the policy, be entitled to its proceeds against the creditors and representatives of the person effecting the same; and the person to whom a policy of life insurance is made payable may maintain an action thereon in his own name."

Then came *Northwestern Mut. Life Ins. Co. v. Chehalis County Bank,* 65 Wash. 374, 118 Pac. 326, wherein the act was treated as an exemption statute. We shall presently make further reference to this case. The act was so treated in *Reiff v. Armour & Co.,* 79 Wash. 48, 139 Pac. 633, L. R. A. 1915A 1201. In *German-American State Bank of*

*Ritzville v. Godman, supra,* it was held that the "policies came to the widow . . . as an exempt fund." The right of any insurance company to the fund involved was in no sense an issue in any of these cases. The controversy in all cases was between third parties.

In 1911, the legislature rewrote the insurance code, providing regulatory measures for all forms of insurance, the title of the act being:

"An Act to provide an Insurance Code for the State of Washington, to regulate the organization and government of insurance companies and insurance business, to provide penalties for the violation of the provisions of this act, to provide for an Insurance Commissioner and define his duties, and to repeal all existing laws in relation thereto." Laws 1911, p. 161.

It contained a repealing clause:

"This act may be referred to and shall be known as 'The Insurance Code' and shall supersede all prior acts on the subject of the organization and government of insurance companies and insurance business, and all such prior acts are hereby repealed." Laws 1911, p. 298, § 238.

We had theretofore held in the *Northwestern Mut. Life Ins. Co.* case that the act of 1895 had not been repealed by § 36 of the act of 1909, that the enactments were not inconsistent and were to be construed *in pari materia.* This holding was adhered to in the *Blattner* case. In other words, we held the exemption statute of 1895 had been modified by § 36 of the act of 1909 to the extent that, if a policy were made payable to a named beneficiary, the proceeds and avails were exempt to the named beneficiary, but if made payable to the estate, they would not be exempt. Section 36 is plain in its terms. It contains no words inviting construction. We acknowledged its force in the several cases where it is referred to. We treated it as a provision pertaining to the "business of life insurance."

Having in mind the title of the act of .1909 (Laws 1909, p. 538): "An act to regulate the business of life insur-

ance" and "the organization and operations of companies formed to transact such business," the question occurred whether § 36 was repealed by the act of 1911. To engage the subject offhand, accepting the act of 1911 as one intended to cover the whole subject-matter of the old law, and, as we think, without due consideration of the several acts, their titles and subject-matter, and of certain accepted rules of statutory construction, it may be contended with some show of reason that § 36 of the act of 1909 is repealed. That it is not so, seems evident to us. First, the object of the act of 1911 is evidenced by its title and confirmed by a reading of the body of the act. It is to include within the range of the insurance code the regulation of all forms of insurance: Life, health, accident, fire and marine, bonding, casualty, surety, title and fraternal. The repealing clause should not be held to affect any law that does not fall certainly within the definition of insurance business. It may be admitted that the payment of a policy, or the right to sue upon a policy is, in a sense, insurance business. It is not strictly so. It is a mere detail affecting the rights of a claimed beneficiary on the one hand and a creditor on the other. Those engaged in insurance business have no interest in the policy when matured by death or casualty, or in the affairs of creditors of the beneficiary of the estate.

Section 36 of the act of 1909, as well as the act of 1895, goes beyond the limit of "insurance business," as the term is bounded by ordinary definition. As so frequently suggested in our opinions, these acts relate to, and are intended to preserve, certain exemptions; to protect the proceeds of insurance policies to certain persons from the levy of certain other persons. It is most likely that the true intent of the legislature was not to repeal any part of the life insurance act of 1909 unless clearly repugnant to or inconsistent with that part of the act which was rewritten in 1911, but rather to repeal all "prior acts" upon the subject of the added topics which we have enumerated.

The two acts, § 36 and the act of 1895, are so tied together that one cannot be held to be repealed unless we hold that the other is repealed. Such repeal can only be held upon the assumption that the exemption of the proceeds and avails of an insurance policy is "insurance business." We are thus driven to the extremity of sustaining both or wiping the books clean of all statutes exempting insurance moneys. We are sustained in our conclusion that, although the exemption of the proceeds of insurance was "insurance business" to such collateral extent that a provision to that effect would be treated *in pari materia* with a prior act, that phase of the question is not in any way treated, either directly or by suggestion, in the act of 1911.

We were face to face with the same assault upon the statute of 1895 that was made in the case of *Northwestern Mut. Life Ins. Co. v. Chehalis County Bank, supra*, where we held that the "insurance" law would be construed with reference to existing statutes, saying:

"The question with us is not what might be held to be within the title if it were the only law upon the statute books, but whether an existing law is repealed by the terms or implications of the later law."

It will thus be seen, if we deny the two enactments—the act of 1895 and § 36—the force of "exemption" statutes, and treat them as incident to "insurance business" only, both would have to fall under the repealing clause of the act of 1911, for the one is just as much "insurance business" as the other.

It is said that § 36 is within the subject-matter of the act of 1911. Exemptions to debtors is a subject-matter in and of itself. It is in no way related to the insurance business, nor should it be included in the subject-matter of insurance. Although in drafting laws it is not an unusual thing for the legislature to touch upon more or less remotely allied subjects, where it does so and afterwards revises the whole act

without touching the allied subject, the courts will not elim-
inate the related subject unless the legislative intent is fairly
deducible from the act itself.

In the instant case, the legislature did not indicate in the
act of 1911, by any affirmative expression, that it intended
to revise the law with reference to the exemption of insur-
ance moneys. The argument to sustain the theory of repeal
must be found in the repealing clause and that alone. How
can it be said that an act intended only to "supersede all
prior acts on the subject of the *organization* and *govern-
ment* of insurance companies and *insurance business*" has to
do with the exemption of insurance moneys in suits between
third parties. It neither has to do with the organization
and government of insurance companies, nor is it even re-
motely connected with the "organization and government
of . . . insurance business."

Even under the theory of "complete revision" of the sub-
ject-matter of insurance, the position of counsel cannot be
any stronger than it would be had the legislature said, in
terms: All acts and parts of acts inconsistent with this act
are hereby repealed. In such cases the rule is that the
express repealing clause implies that the acts and parts of
acts not inconsistent are not intended to be repealed, and
consequently remain in force. Lewis' Sutherland, Statutory
Construction (2d ed.), § 272. It was in obedience to this
rule of construction that our practice act, Laws 1893, p.
407, although purporting on its face to revise the entire
procedure in so far as it pertained to the commencement of
actions, was held ineffectual to defeat a right to attach
property before the service of a summons. Notwithstanding
the sweeping range of the act and its evident purpose, the
court, in *Cosh-Murray Co. v. Tuttich,* 10 Wash. 449, 38
Pac. 1134, did not find a specific intent to repeal or make
impossible the exercise of an existing right, saying:

"There seems to have been no intention on the part of the
legislature to abolish the attachment law to so great, or to

any, extent, and the new act ought to be construed so as to save the operation of the remedial statute, if possible."

The repeal, and as it seems to us by judicial process, of the entire law of exemption of the proceeds and avails of insurance moneys, was the consequence alluded to in the fore part of our opinion, and which, considering the avowed policy of the state as evidenced by the two entirely independent acts of 1895 and 1897, we sought to avoid.

We believe our argument is sound. Even zealous counsel will admit, we confidently believe, that we have considered all things and held fast to that which is good; that is, the exemption of the proceeds and avails of insurance policies to the beneficiary selected by the insured as the object of his bounty.

We adhere to our former holding. The petition for rehearing is denied.