## LEVINSON et al. v. GREENE.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1924. Rehearing Denied March 28, 1924.)

No. 4163.

1. **Bankruptcy ⬦288(1)—Courts of bankruptcy exercising ancillary jurisdiction may take summary proceedings.**

By the terms of Bankruptcy Act July 1, 1898, as amended by Act June 25, 1910, § 2 (Comp. St. § 9586), the courts of bankruptcy are empowered to exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceeding pending in any other court of bankruptcy, and the court exercising ancillary jurisdiction has authority to take summary proceedings for the restoration of the bankrupt's estate, which is in the custody of those having no right to it.

2. **Bankruptcy ⬦143(12)—Trustee in bankruptcy can claim proceeds of policy as far as premiums paid in fraud of creditors.**

Under Rem. & Bal. Code Wash. § 569, Rem. Comp. Stat. Wash. § 7230—1, and Bankruptcy Act, §§ 6, 70a5 (Comp. St. §§ 9590, 9654), in any amount that premiums are paid in fraud of creditors, trustee in bankruptcy of insured can claim the proceeds of a life policy, and his claim should be sustained as prior to any claim of the bankrupt and his wife.

3. **Election of remedies ⬦3(1)—Unpaid judgment in state court held not to bar proceeding by trustee in bankruptcy.**

Where trustee in bankruptcy brought action in state court against bankrupt's wife and an investment company, and the court ordered that certain real properties and leases be transferred to the trustee and rendered a money judgment against the wife and the investment company, it appearing that the bankrupt insured his life in favor of his wife, and that annual premiums were paid out of dividends of the investment company, and that the bankrupty borrowed on the policy, an argument that in no event could the trustee have any claim or title to the annual premiums upon the policy paid by the bankrupt's wife, because the state court had rendered a judgment for a certain amount and limited the trustee's right to the judgment, and that therefore such judgment passed title to the thing converted, was without merit; it appearing that judgment of state court had not been paid.

Petition for Revision in Matter of Law of an Order of the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

In the matter of the estate of Joseph Levinson, bankrupt; William A. Greene, trustee. On petition by the bankrupt and wife for revision of order of District Court (295 Fed. 736). Order affirmed.

Petitioners, Levinsons, are husband and wife. On June 27, 1919, in the United States District Court for the Western Division of Washington, Levinson was adjudged a bankrupt. In 1920 in an action by the trustee in bankruptcy in the state court in Washington against the wife of the bankrupt and the Manhattan Investment Company, a corporation, to recover property, including 299 shares of the 300 shares of the stock of the investment company, which were in the name of Ray Levinson, the wife of the bankrupt, and which were claimed by her to be her separate property, it was adjudged that the facts concerning the transfer of the corporation stock were concealed by the Levinsons, and that there was an attempt at fraud "not discovered until within the statutory period"; that the shares referred to were the separate property of Ray Levinson, but that a large part of the property of the in-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vestment company was the community property of Joseph and Ray Levinson. The court ordered that certain real properties and leases be transferred to the trustee and that a money judgment against the investment company might be rendered. Greene v. Levinson, 120 Wash. 111, 206 Pac. 956. Thereafter the superior court rendered a judgment in favor of the trustee and against Ray Levinson and the investment company.

It appears herein that in 1918 Levinson insured his life in favor of his wife, who paid the annual premiums out of dividends paid by the Manhattan Investment Company. In 1922 the Levinsons moved to California, and in May, 1923, just before the remittitur of the Supreme Court in the suit hereinbefore referred to was filed in the superior court of Washington, the Levinsons borrowed $7,500 on the life insurance policy. Thereafter, in May, 1923, upon petition by the trustee, the United States District Court of the Southern District of California made an ancillary order for an examination of the bankrupt and his wife. The Levinsons appeared and were heard before the referee as a special master. In due course report was made, and it was held by the District Court that all of the money which went to pay the life insurance premiums was the property of the bankrupt's estate, and "was property which the trustee had a right to demand and receive possession of." The claim of exemption by the bankrupt was disallowed, the court reaching the conclusion that the taking out of the insurance and the filing of the petition in bankruptcy were approximately at the same time, and that although a money judgment had been entered in the state court against the investment company and Mrs. Levinson, that fact did not prevent the trustee from following funds, title and right to the possession of which had vested in the trustee in bankruptcy. Accordingly, the order of the District Court was that Levinson, bankrupt, turn over to the trustee $6,000 in money, the remainder of the proceeds of the loan of $7,500 obtained by him on his life insurance policy, and that Mrs. Levinson deliver $500 in value of checks purchased with moneys received as income from the Manhattan Investment Company subsequent to June 27, 1919, the date of the adjudication in bankruptcy.

It is for a revision of the order that the bankrupt and wife have petitioned this court.

Walter B. Allen, of Seattle, Wash., and Flint & MacKay and Franklin W. Peck, all of Los Angeles, Cal., for petitioners.

McClure & McClure, of Seattle, Wash., and Norman A. Bailie, of Los Angeles, Cal., for respondent.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). [1] Petitioners' position that the District Court for the Southern District of California had no power to make the order above described is not tenable. By the terms of the Bankruptcy Act of 1898, as amended June 25, 1910, section 2 (Comp. St. § 9586), the courts of bankruptcy are empowered to exercise "ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy." In Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305, the Supreme Court held that under this amended statute the court exercising ancillary jurisdiction has authority "to take summary proceedings for the restoration of the bankrupt's estate which was in the custody of people having no right to it, in order that the same might be turned over to the bankruptcy court having jurisdiction for administration." The power that may be exercised by the ancillary court to take possession of property rests on the interest in the prop-

erty of the person or estate in whose right the proceeding is carried on, and it follows that what this interest may be cannot be ascertained without determining conflicting interests that may be claimed by others in the property. Fidelity Trust Co. v. Gaskell, 195 Fed. 865, 115 C. C. A. 527; Emerson v. Castor, 236 Fed. 29, 149 C. C. A. 239.

[2] It is said that the trustee has no right to any of the life insurance money because, the policy having been executed in Washington and the bankruptcy proceedings being within that jurisdiction, the insurance policy is governed by the laws of Washington, and that under those laws the proceeds of the policy are exempt. Under section 569, Remington & Ballinger's Compiled Statutes, the proceeds or avails of all life insurance shall be exempt from all liability for any debt, and under section 7230—1, Code of 1922, if a policy of life insurance is effected by one in favor of a person other than himself, the lawful beneficiary thereon, other than himself, shall be entitled to the proceeds as against the creditors or legal representatives of the person effecting the policy, "provided, that, subject to the statute of limitation, the amount of any premium for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy," etc. By this statute the creditors of one insured are given an interest in the policy to the amount of the premiums paid in fraud of such creditor's rights. Under section 6 of the Bankruptcy Act (Comp. St. § 9590), bankrupts are entitled to exemptions which are prescribed by the state laws in force at the time of the filing of the petition in bankruptcy, and under section 70a5 (Comp. St. § 9654), respecting title to property vesting in the trustee, a bankrupt may, by complying with the prescribed conditions, continue to hold policies of life insurance payable to himself, his estate, or personal representative, free from claims of creditors participating in the distribution of his estate under the bankruptcy proceedings. It will be observed that under section 70a5 there is no provision for an exemption of life insurance policies. Whether there is an exemption must depend upon the state statute. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018; Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771. The Supreme Court of Washington, in Elsom v. Gadd, 93 Wash. 603, 161 Pac. 483, 162 Pac. 867, construed the statute (sections 569 and 7230—1, 1922 Code) and held that the proceeds of a policy of life insurance payable to the estate of an insured person are not always exempt from claims of creditors; the court saying:

"If a policy were made payable to a named beneficiary, the proceeds and avails were exempt to the named beneficiary, but if made payable to the estate, they would not be exempt."

There is nothing in the case which conflicts with the reasonable view that in any amounts that the premiums were paid in fraud of creditors the trustee can claim the proceeds of the policy, and that his claim should be sustained as prior to any right of the bankrupt and wife. Bailey v. Wood, 202 Mass. 552, 89 N. E. 147, 25 L. R. A. (N. S.) 722. Here the finding of the District Court that premiums were paid on the policy in advance each year for five years at the rate of $2,478.20 per

annum, making a total of $12,391 paid since the adjudication in bankruptcy, and that all the money paid for insurance premiums was property of the bankrupt's estate, and the finding that the premiums, at least to the extent of $12,391, were paid in fraud of creditors, exclude any claim of exemption which can operate as against the claim of the trustee.

In thus referring to the merits, we do not mean to imply that under the statutes of the state of Washington one who borrows upon a life insurance policy, or the beneficiary of the policy, can claim that the money received on the loan shall be exempt from all liability for debt. There may be a well-founded distinction between an exemption which pertains to the proceeds of a policy payable to a beneficiary and money obtained upon a loan made to the policy holder where he and the beneficiary named assign the policy as collateral for the loan. That question is reserved.

[3] It is argued that in no event could the trustee have any claim or title to the annual premiums upon the policy of insurance paid by Mrs. Levinson, because the state courts had rendered a judgment for a certain amount, and limited the trustee's right to the judgment, and that therefore such judgment passed title to the thing converted. In effect this argument invokes the doctrine of election. But, even assuming that the judgment of the state court is a judgment for all of the income of the property, it would not bar another proceeding instituted by the trustee to recover the income unless it appears that the judgment of the state court has been paid. Thomas v. Sugarman, 218 U. S. 129, 30 Sup. Ct. 650, 54 L. Ed. 967, 29 L. R. A. (N. S.) 250; Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129; 26 R. C. L. 1157; Jacobs v. Teachout (Wash.) 219 Pac. 38.

Finding no error in the order of the District Court, the petition for revision is denied, and the order of the District Court is affirmed.