[No. 17910. Department Two. October 4, 1923.]

## J. L. JACOBS, *Appellant*, v. IDA G. TEACHOUT *et al.*, *Respondents.*[1]

ELECTION OF REMEDIES (1)—VENDOR AND PURCHASER (147)—CONTRACT—BREACH BY VENDEE—ACTION FOR PURCHASE MONEY—ELECTION. In a purchaser's action to rescind a sale of land, in which the defendant filed a cross-complaint asking that the initial payment in the hands of an escrow be paid over to her, it is not error to refuse to require the defendant to elect between an action for specific performance and one for damages for breach of contract, especially where, after a trial, she was entitled to the relief sought without making an election.

ABSTRACTS OF TITLE (2)—MARKETABLE TITLE—TIME FOR MAKING—CONSTRUCTION OF CONTRACT. In an undated contract of sale requiring an abstract of title within ten days, and if the title is not marketable and "cannot be made so within ninety days," the earnest money shall be returned, the ninety days begins to run from the time objection to the title is made, under the rule that a fair construction should be adopted and any other would put it in the power of a party to nullify the provision.

SAME (2)—TITLE—MARKETABLE TITLE—DECREE—AWARD IN PROBATE. A title, being marketable if reasonably free from doubt, ob-

[1]Reported in 219 Pac. 38.

jections to probate proceedings, because preliminary papers were sworn to by an attorney, are technical, where they were ratified by the due qualification of the executrix; nor is it a valid objection that the proceedings were not completed within the time limited by the contract, in that there was a right of appeal from the final judgment, which was entered within the time limit.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered November 14, 1922, in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Charles R. Sargent* and *Corbin & Easton,* for appellant.

*Moulton & Jeffrey,* for respondent.

MAIN, C. J.—The plaintiff brought this action to recover the sum of $1,000 which was the initial payment upon a contract for the purchase of certain real estate, the complaint alleging that a marketable title had not been tendered. The material allegations of the complaint were denied by the answer, and a cross-complaint was filed in which Ida G. Teachout sought a judgment for the $1,000, which was then in the possession of the other defendant, the Security State Bank of Richland, in escrow. The trial resulted in a judgment denying the relief sought by the complaint and awarding to Mrs. Teachout a judgment for the $1,000. From this judgment, the plaintiff appeals.

The facts essential to be stated may be summarized as follows: On the first day of January, 1918, J. H. Brenneman and wife were the owners of a tract of land near Richland, in Benton county, and on this date contracted to sell the same to one C. S. Teachout. While this contract was in existence and before all the payments had been made which it provided for, Teachout died. Thereafter Mrs. Teachout continued to make the payments as they became due. On April 12, 1921,

the appellant, J. L. Jacobs, contracted with one C. J. Dam for the purchase of the same property. A thousand dollars was paid at the time the terms were agreed upon, and what is called a "purchase money receipt" was issued. The $1,000 was paid into the Security State Bank in escrow, to be held pending the examination and approval of the title. The purchase money receipt was signed by both Jacobs and Dam, and it contained, among other things, the following: "A marketable abstract or certificate of title from a reliable abstract company is to be furnished to the purchaser within ten days. It is agreed that if the title to said premises is not marketable or cannot be made so within ninety days, the earnest money herein receipted for shall be refunded, . . ." The abstract was delivered within the ten days mentioned in the contract and was handed to the attorney for the appellant for examination. It appeared from the abstract that the title to the property was still in the Brennemans and considerable correspondence then took place between the attorneys for the respective parties. As a result the Brennemans conveyed the title to the respondent Mrs. Teachout.

After this a further objection was interposed to the title and a suggestion was made that, in order to make it marketable, probate proceedings would be necessary. C. H. Teachout, the deceased, left a will by which, after making certain minor bequests of specific personal property, he bequeathed the residue of his estate to "Ida G. Teachout (his wife), and to my daughter Hazel to divide as they please." The daughter, by quitclaim deed, conveyed all of her interest in the property here in controversy to her mother, the respondent. In order to meet the objection to the title, the will was probated in regular course, Mrs. Teachout

was appointed executrix, and the will named her as such. The interest of the estate in the property was, in the probate proceedings, found to be less than $3,000, and under Rem. Comp. Stat., § 1473 [P. C. § 9893], was awarded and set off to the surviving spouse, Mrs. Teachout. After this the abstract was completed, showing the probate proceedings, and Mrs. Teachout tendered conveyance thereof to the appellant, who refused to go on with the contract, declared a rescission, and brought this action to recover back the money which he had already paid, which was then in escrow. Before the case was heard on the merits, the appellant moved the court for an order requiring the respondent to elect whether she would seek damages for breach of the contract under her cross-complaint or would wage the action on her part for specific performance. The court declined to require the election, and this is suggested as the first error.

The action by the appellant was to recover the $1,000 which he had paid. The respondent resisted this and sought a judgment directing that it be paid over to her. If this money should be paid to the respondent under the judgment and the appellant should fail to meet the subsequent payments as they are called for in the contract, the question as to the relief that the respondent would be entitled to would then be presented. It is not necessarily involved in the case upon the present record. In any event, the facts are not in dispute, the evidence consisting largely of correspondence and stipulated facts, and the respondent was entitled to the relief which, under the facts, the law gave her, without making the election which the appellant sought to require.

The principal question in this case is whether the title to the property was made marketable, assuming

for the present that the probate proceedings made it so, within the ninety-day period fixed by the contract, which is referred to as the purchase money receipt. This contract is not dated, but it seems to be agreed was entered into on April 12, 1921. It contains the provision, above set out, that an abstract should be tendered within ten days. This was done. Objections were made which resulted in the will of C. S. Teachout, deceased, being probated and the property set over to the respondent. The contract provides further in the excerpt quoted that, if the title is not marketable or ''cannot be made so within ninety days,'' the earnest money shall be refunded.

The appellant takes the position that this ninety-day period begins to run from the date when the contract was entered into. The respondent argues that the time does not begin to run until objections to the title are pointed out, and that the respondent had ninety days thereafter to make the title marketable. If the ninety days run from the date of the contract, the title was not made marketable under the probate proceedings within that time. If the time runs from the time the objections to the title were pointed out, the title was made marketable within ninety days by the completion of the probate proceedings awarding or setting over the property to the respondent and the tender of the deed by her. It is a cardinal rule with reference to the construction of contracts, in support of which authority need not be cited, that effect must be given to the intention of the parties making the contract. The question then is, Did the parties to the contract here in question intend the ninety-day limit to begin to run at the time the contract was executed, or at the time the objections were pointed out. It is also a rule for the construction of contracts that, where the language used

is susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not enter into, the interpretation which makes it a rational and probable agreement must be preferred. 6 R. C. L. 841, § 230. As above stated, the contract was not dated, and this is a circumstance not necessarily controlling, but one which should be taken into consideration.

If the construction contended for by the appellant is given the contract, it would place it within his power to practically nullify the provision. If he should withhold his objections to the title until almost the expiration of the ninety-day period, then the respondent would have no opportunity to correct even ordinary or minor defects. The parties, by placing this term in the contract, undoubtedly intended that the time for the making of the title marketable should be ninety days from the time the objections were pointed out. This seems to us the only reasonable, just and practical construction of the terms of the contract as made, read in the light of the circumstances which surrounded its making and which are usually present in such contracts.

One further question remains, and that is whether the probate proceedings operated in vesting in the respondent a marketable title, assuming without deciding, that the other conveyances above referred to had not done so. The objections to the proceedings seem to us to be of minor importance. It is true that the petition for the probate of the will was verified by the attorney for the petitioner, who is the respondent here; the petition for the appointment of appraisers was likewise signed by the attorney; and the inventory and appraisement were signed and sworn to also by

the attorney. But it appears that these papers were signed and verified by the attorney because the respondent was at that time in the state of California. The respondent qualified after her appointment by taking the oath as executrix and giving the required bond. In doing so she confirmed and approved the prior proceedings by her attorney. In appointing her as executrix the provisions of the will were being carried out, as this is one of the requirements of that document. It is also said that the abstract showing the award of the property to the respondent under the statute above mentioned was brought down and tendered prior to the expiration of ten days after the order was entered. It is suggested that, since the statute (Rem. Comp. Stat., § 86) [P. C. § 8592], permits an appeal within ten days from the order of the commissioner to the superior court, the probate title could not be said to be marketable until the expiration of this time, but Laws of 1917, p. 670, ch. 156, § 103 [Rem. Comp. Stat., § 1473], provides that the order or judgment making the awards shall be conclusive and final except on appeal or for fraud. There is no claim of fraud in this case. The judgment having been made final by the statute, it would be extremely technical under the facts of this case to hold that, since the ten days in which an appeal could be taken had not expired, the title was therefore not marketable. A title is marketable when it is free from reasonable doubt and is such as reasonably well informed and intelligent purchasers, acting upon business principles, would be willing to accept. The purchaser is not entitled to demand a title absolutely free from every possible technical suspicion. In *Cummings v. Dolan*, 52 Wash. 496, 100 Pac. 989, 132 Am. St. 986, it is said:

"The authorities hold that to render a title marketable it is only necessary that it shall be free from

reasonable doubt, in other words, that a purchaser is not entitled to demand a title absolutely free from every possible technical suspicion, he can only demand such title as a reasonably well informed and intelligent purchaser acting upon business principles would be willing to accept.''

The title offered by the respondent as a result of the probate proceedings was one deducible of record and one which satisfies the rule just stated.

The judgment will be affirmed.

PEMBERTON, PARKER, FULLERTON, and TOLMAN, JJ., concur.